WILLIAM McDONALD, Appellant, v. THE MAYOR, ALDERMAN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

Those dealing with the agents of a municipal corporation have no right to presume that they are acting within the line of their duty, but must take care to learn the nature and extent of their authority.

Where the municipal charter prohibits its officers from contracting on its behalf for the purchase of materials, save in cases and in a manner specified, the municipality is neither liable upon a contract made by an official in violation of, or without a compliance with, the requirements of the charter, nor can the value of materials furnished under the contract be recovered upon any implied liability.

Plaintiff, in 1869 and 1870, at the request of the superintendent of roads of the city of New York, delivered to him certain stone and gravel

which were used in repairing a street in that city. In an action against the city to recover the value it was not alleged or proved that a necessity for the purchase or use of the materials was certified to by the head of the department of public works, or that the expenditure was authorized by the common council, or that a contract was entered into with the lowest bidder after publication of notice inviting proposals as required by the then existing charter (§ 38, chap. 446, Laws of 1857). *Held,* that defendant was not liable.

*Nelson* v. *The Mayor* (63 N, Y., 535); *Argenti* v. *San Francisco* (16 Cal., 255) distinguished.

(Argued December 15, 1876; decided December 22, 1876.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department reversing a judgment in favor of plaintiff entered upon a verdict, and granting a new trial.

This action was brought to recover the value of certain gravel and stone alleged to have been sold and delivered by plaintiff to defendant and used in the repair of one of its streets.

The material was, as the evidence tended to show, furnished by plaintiff in 1869 and 1870, at the request of the superintendent of roads, to whom the bills were given and were certified by him to the street department. The material was taken and used on the streets. Further facts appear in the opinion.

*Henry Parsons* for the appellant. Plaintiff's claim was of such a nature as not to require a contract under the provisions of section 38 of the charter of 1857. ( *Wallace* v. *Mayor, etc.,* 2 Hilt., 440 ; *Hutson* v. *Mayor, etc.,* 5 Seld., 163 ; *Milwaukee* v. *Davis,* 6 Wis., 337; 2 Laws of 1869, 2124; 1 Laws of 1870, 883.) Plaintiff had a right to presume that defendant's agent transacted its business properly and under sufficient authority. (*Gas Co.* v. *San Francisco,* 9 Cal., 453 ; *Bk. of U. S.* v. *Dandridge,* 12 Wheat., 70.) Defendant having appropriated the materials and used them, in the absence of any contract is bound to deal justly and pay their value. (*Nelson* v. *Mayor, etc.,* Ct. Appls., Jany., 1876;

*Argenti* v. *San Francisco*, 16 Cal., 255; Dillon on Mun. Corp., §§ 384–750.)

*D. J. Dean* for the respondent. The contract being unauthorized was void and defendant may plead that its officers exceeded their powers in entering into it. (Dillon on Mun. Corp., §§ 371–373, 381; *Hodges* v. *Buffalo*, 2 Den., 110; *Delafield* v. *Illinois*, 2 Hill, 159, 174; *Sups.* v. *Bates*, 17 N. Y., 242; *Chemung Bk.* v. *Suprs.*, 5 Den., 517; *Overseers, etc.*, v. *Suprs.*, 15 N. Y. 341; *Baltimore* v. *Eschbach*, 18 Md., 276, 282; *Baltimore* v. *Maryland*, 20 id., 1; *Marsh* v. *Fulton Co.*, 10 Wal., 676; *Hogan* v. *Philadelphia*, 48 Penn. St., 527; *Head* v. *Ins. Co.*, 2 Cranch, 127; *White* v. *New Orleans*, 15 La. An. 667; *Dey* v. *Jersey City*, 15 N. J. Eq., 412; *Baltimore* v. *Reynolds*, 20 Md., 1; *Butler* v. *Charleston*, 7 Gray, 12; *Bladen* v. *Philadelphia*, 60 Penn. St., 464; *Bonesteel* v. *Mayor, etc.*, 22 N. Y., 162; *Albany* v. *Cunliff*, 2 id., 165; *Halstead* v. *Mayor*, 3 id., 430; *Martin* v. *Mayor*, 1 Hill, 543; *Boom* v. *Utica*, 2 Barb., 104; *Cornell* v. *Guildford*, 1 Den., 510; *Appleby* v. *Mayor, etc.*, 15 How., 428; *McSpedon* v. *Mayor, etc.*, 7 Bosw., 601; *Brady* v. *Mayor, etc.*, 2 id., 173; *Donovan* v. *Mayor, etc.*, 33 N. Y., 291; *Smith* v. *Mayor, etc.*, 10 id., 538.

FOLGER, J. The plaintiff sues to recover from the city the value of materials furnished by him to certain officials, which were used in the repair of a public way. The amount he claims is over $1,600 in the whole. The materials were furnished at different times, in parcels, each of which, except one, was less in value than $250.

He does not aver, nor did he prove in terms, that a necessity for the purchase or use of the materials was certified to by the head of the department of public works, or that the expenditure therefor was authorized by the common council (Laws of 1857, vol. 1, p. 886, chap. 446, § 38); nor did he aver or prove in terms, that a contract for the purchase of the materials was entered into by the appropriate head of depart-

ment, upon sealed bids or proposals, made in compliance with public notice advertised. (Id.)

The existence and stringency of these statutory provisions are recognized by plaintiff's counsel, but the force of them is sought to be avoided. It is urged, that the object of the expenditure was proper, as it is part of the defendants' corporate duty to keep public ways in repair; that the material was delivered to the superintendent of roads, an official of the defendant, charged with carrying that duty into practical effect; and that the plaintiff had reason to believe that the superintendent was acting within the line of his duties. The first two of these propositions may be admitted; the third may not be. Doubtless, to the apprehension of the plaintiff, the superintendent was so acting, as to do work which it was the duty of the defendant to cause to be done. But we see nothing in the case which brought to his mind, so as to create a belief, that there had been a contract made for the material, as above indicated, or that the necessity for the expenditure had been certified to and authorized, as required by law. And though the superintendent of roads had certified to be correct, the bills for the materials, rendered by the plaintiff, this did not meet the letter of the statute laws. Such certification did not precede the reception of the material; nor was the certification by the head of the department; nor was the taking and use of the material, nor payment for it, authorized by the common council. Nor can it be that the provisions of the statute, are alone for the instruction of the department and officials of the defendant. They were a restraint upon them, but upon other persons as well. They put upon all who would deal with the city, the need of first looking for the authority of the agent with whom they bargain. Quite clearly do they impose upon the paying agent of the defendant a prohibition against an unauthorized expenditure. And are they not also a restraint upon the municipality itself? They are fitted to insure official care and deliberation, and to hold the agents of the public to personal responsibility for expenditure; and they are a limit upon

the powers of the corporation, inasmuch as they prescribe an exact mode for the exercise of the power of expenditure.

It is said that the plaintiff had a right to presume, that the agents of the defendant transacted their business properly, and under sufficient authority. Does not this involve, also, that the plaintiff had a right to presume, that it was the business of the superintendent of roads to purchase material for the city upon the credit of the city, and that he had authority so to do? This cannot be maintained. It is fundamental, that those seeking to deal with a municipal corporation · through its officials, must take great care to learn the nature and extent of their power and authority. (*Hodges* v. *Buffalo*, 2 Denio, 110; cited 33 N. Y., 293; *Cornell* v. *Guilford*, 1 Den., 510; *Savings Bank* v. *Winchester*, 8 Allen, 109.) The plaintiff cites *United States Bank* v. *Dandridge* (12 Wheat., 70). But there it is said that if the charter imposes restrictions they must be obeyed. Could the plaintiff presume that it was the duty of the defendant to keep the Kingsbridge road in repair? No; he must look to its charter to learn of that duty. The same instrument would show him just how it must obtain the material to perform that duty. *The Gas Company* v. *San Francisco* (9 Cal., 453) is also cited. The real question there decided was, that a city can be held to have incurred a liability otherwise than by ordinance. There was no stress in that case upon any inhibitions in the charter of the city. The result was arrived at by a divided court.

But the main reliance of the plaintiff, is upon the proposition that the defendant, having appropriated the materials of the plaintiff and used them, is bound to deal justly and to pay him the value of them. The case of *Nelson* v. *The Mayor* (63 N. Y., 535) is cited. The learned judge who delivered the opinion in that case does, indeed, use language which approaches the plaintiff's proposition; but the judgment in that case did not go upon the doctrine there put forth; and when the opinion is scrutinized it does not quite cover this case. It is said: " If it (the city), obtains property under a void contract, and actually uses the property, and *collects the value of it from*

*property owners by means of assessments*, the plainest princi-
ples of justice require that it should make compensation, for
the value of such property, to the person from whom it was
obtained." The words we have marked in italics indicate a
difference between the two propositions; though it is to be
admitted, not a great difference in the principles upon which
each rests. The case in the California courts (*Argenti* v. *San
Francisco*, 16 Cal., 255), goes upon the ground set forth in the
opinion in *Nelson's Case*, (*supra*). There is, however, a more
radical difference, than that above noted, in the two cases cited
and that in hand. In those two cases the way was open for
implying a promise to pay what the property was worth, if
with no disregard of statute law, such an implication was
admissible; that is to say, there was in those cases, so far
as appears from the facts, no express inhibition upon the
city that it should not incur a liability save by an express
contract. Here there is an express legislative inhibition upon
the city, that it may not incur liability unless by writing
and by record. How can it be said that a municipality is
liable upon an implied promise, when the very statute which
continues its corporate life, and gives it its powers, and pre-
scribes the mode of the exercise of them, says, that it shall
not, and hence cannot, become liable, save by express promise?
Can a promise be implied, which the statute of frauds says
must be in writing to be valid? How do the cases differ?
*The Bank of the United States* v. *Dandridge* (*supra*), which
is a leading case upon the doctrine of the liability of a corpo-
ration aggregate, upon a promise implied, holds, as we have
already said, that if the charter imposes restrictions upon
the manner of contracting, they must be observed. And
the California cases above cited, concede the same. It is
plain, that if the restriction put upon municipalities by the
legislature, for the purposes of reducing and limiting the
incurring of debt and the expenditure of the public money,
may be removed, upon the doctrine now contended for, there
is no legislative remedy for the evils of municipal govern-
ment, which of late have excited so much attention and pain-

ful foreboding. Restrictions and inhibition by statute are practically of no avail, if they can be brought to naught by the unauthorized action of every official of lowest degree, acquiesced in, or not repudiated, by his superiors. *Donovan* v. *The Mayor, etc.* (33 N. Y., 291), seems to be an authority in point, though the exact question now presented was not considered. And incidental remarks of Denio, J., in *Peterson* v. *The Mayor* (17 N. Y., 449), are to the same purport. And see *Peck* v. *Burr* (10 N. Y., 294). The views here set forth, are not to be extended beyond the facts of the case. It may be, that where a municipality has come into the possession of the money or the property of a person, without his voluntary intentional action concurring therein, the law will fix a liability and imply a promise to repay or return it. Thus, money paid by mistake, money collected for an illegal tax or assessment; property taken and used by an official, as that of the city, when not so; — in such cases, it may be that the statute will not act as an inhibition. The statute may not be carried further than its intention, certainly not further than its letter. Its purpose is to forbid and prevent the making of contracts by unauthorized official agents, for supplies for the use of the corporation. This opinion goes no further than to hold, that where a person makes a contract with the city of New York for supplies to it, without the requirements of the charter being observed, he may not recover the value thereof upon an implied liability.

The judgment should be affirmed.

All concur.

Judgment affirmed.