GEORGE McADAM, PLAINTIFF, *v.* THE MAYOR, ALDER-MEN AND COMMONALTY OF THE CITY OF NEW YORK, DEFENDANTS.

*Contract between the board of education of New York and one of the clerks of that city — invalid under section 59 of chapter 410 of 1882.*

The plaintiff, who was the chief clerk of the bureau of city revenue in the finance department of the city of New York, was appointed by the board of education of that city an instructor in the evening High School, his duty being to lecture three evenings in each week of the school term.

*Held,* that the employment of the plaintiff was a violation of section 59 of chapter 410 of 1882, providing that "no member of the common council head of department, chief of bureau, deputy thereof, or clerk therein or other officer of the corporation shall be or become directly or indirectly interested in or in the performance of any contract, work or business, or the sale of any article the expense, price or consideration of which is payable from the city treasury."

*Macdonald* v. *The Mayor* (32 Hun, 89) distinguished.

CASE agreed upon in a controversy submitted without action under section 1279 of the Code of Civil Procedure.

*Everett P. Wheeler*, for the plaintiff.

*David J. Dean*, for the defendants.

BRADY, J.:

The plaintiff claims to recover the sum of seventy dollars for services rendered in the following manner:

He is a well-known lecturer on economics and political science. He was appointed by the board of education instructor in the evening High School, his duty requiring him to lecture three evenings in each week of the school term on the subjects mentioned, with special reference to the duty of citizenship in New York city. He was at the time of such employment chief clerk of the bureau of city revenue in the finance department. The payment for his services, if payment were made, would be made out of the moneys in the city treasury. It is admitted that the money to pay the sums required by the pay-roll of the board of education has been appropriated by the board of estimate and apportionment in the estimate of the expenses of the board of education, to be raised by tax and deposited in the city treasury. The defendants object, however, to the payment of the claim under the provision of section 59 of the Consolidation Act of 1882 (chap. 410), which are as follows: "No member of the common council, head of department, chief of bureau, deputy thereof or clerk therein, or other officer of the corporation, shall be or become directly or indirectly interested in or in the performance of any contract, work or business, or the sale of any article, the expense, price or consideration of which is payable from the city treasury."

And the objection seems to be fatal to the validity of the plaintiff's demand. He is a clerk of a bureau and is directly interested in the work for which he seeks to recover, namely, the delivery of lectures in the evening High School. The case of *Mullaly* v. *The Mayor* (3 Hun, 664) seems to be directly in point in principle; and the cases of *McDonald* v. *The Mayor* (68 N. Y., 23), *Donovan* v. *The Mayor* (33 id., 291) and *Davenport* v. *The Mayor* (67 id., 456) also bear upon the question.

In *Dannat* v. *The Mayor* (66 N. Y., 585) the Court of Appeals recognized the proposition that payment of the expenditures of the board of education was to be made by the comptroller from the

city treasury, although the board was independent, so far as the control and management of the educational matters of the city were concerned. Section 123 of the Consolidation Act provides that "wages and salaries, including payments for the board of education may be paid upon pay-rolls," so that there is no doubt that if the plaintiff is to be paid he is to be paid by a draft on the city treasury, either directly or indirectly, it matters not which.

The plaintiff relies, apparently with great confidence, upon the decision made by this court in the case of *Macdonald* v. *The Mayor* (32 Hun, 89), where the same objection was interposed by the city to the payment of the sum the plaintiff claimed to have earned for services rendered. But his recovery was predicated of the conclusion arrived at and expressed by the court, namely, that he was not embraced within the provisions of section 59 (*supra*). He was neither a "head of department, chief of bureau, deputy thereof or clerk therein, or other officer of the corporation." It was upon that ground he was allowed to recover for the services that he rendered. Of course, that presents a very different state of facts from that agreed upon here, for the reason that the plaintiff is a clerk in a bureau. Perhaps it might be said that the legislature never contemplated excluding payment for services such as rendered by the plaintiff herein, though connected with one of the bureaux. But the language of section 59 is very broad, and indicates a determination on the part of the legislature to prevent any person from receiving compensation from the city in two modes or by two methods, thus preventing by any possibility the use of official position for personal aggrandizement, by interest in any contract other than that which exists directly between the official and the city for the services to be rendered by him directly to it.

No reason is discovered in the consideration of this case justifying a judgment for the plaintiff, and, therefore, judgment must be ordered for the defendants, but without costs.

DAVIS, P. J., and DANIELS, J., concurred.

Judgment ordered for defendants, without costs.