OTTO HENSCHEL, as Receiver of the Property of HARRY ROSKOFF, Also Known as HARRY ROBKOFF, Plaintiff, *v.* THE CITY OF NEW YORK, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, June 17, 1930.

*William L. Abrams*, for the plaintiff.

*Arthur J. W. Hilly, Corporation Counsel* [*Nelson Rosenbaum* of counsel], for the defendant.

GENUNG, J.   The plaintiff as receiver in supplementary proceedings of the property of Harry Roskoff, a judgment debtor, seeks to recover from the city of New York the sum of $675.68 due the judgment creditor of the said Roskoff, out of an alleged indebted-

ness of the city of New York to the said Roskoff in the sum of $1,806.50 by reason of work alleged to have been performed under contract No. 89002, entered into by said judgment debtor and the city of New York acting by the armory board.

The defendant sets up a special defense to the effect that the said Roskoff had defaulted in the performance of a prior contract which he had with the board of education; that the subsequent contract obtained by Roskoff from the city of New York, while he was still in default, which was the source of the funds sued for in this action, is null and void, because it contravenes the following provision of section 419 of the Greater New York Charter (as amd. by Laws of 1922, chap. 661): " No bid shall be accepted from, or contract awarded to, any person who is in arrears to the City of New York upon debt or contract, or who is a defaulter, as surety or otherwise, upon any obligation to the city."

The plaintiff contends that the board of education is a separate corporate entity, vested with the power to sue and be sued in all matters relating to the control and management of the schools (*Gunnison* v. *Board of Education*, 176 N. Y. 11; *People ex rel. Wells & Newton Co.* v. *Craig*, 232 id. 125), and that, therefore, this provision of the Greater New York Charter does not apply.

The defendant admits that the board of education is a separate corporate entity in certain aspects, but argues that it is also an administrative department of the city of New York, and that its contracts are subject to the provisions of the charter.

The true rule in these cases was stated in *Hirshfield* v. *Cook* (227 N. Y. 297), in which the court said: " While the educational affairs in each city are under the general management and control of the board of education, *such board is subject to municipal control in matters not strictly educational or pedagogic.*" Specifically, the provisions of section 419 of the Greater New York Charter have been held applicable to the board of education. (*Clarke Co.* v. *Board of Education*, 156 App. Div. 842; affd., 215 N. Y. 646; *People ex rel. Rangeley Construction Co., Inc.,* v. *Craig*, 197 App. Div. 503.)

Inasmuch as the subsequent " Armory " contract was prohibited; by the charter, the defendant takes the position that there can be no recovery on same, under the general rule laid down in *McDonald* v. *Mayor* (68 N. Y. 23), that the city is not liable upon an implied contract for work done or materials furnished under a contract made in violation of, or without a compliance with, the charter requirements.

It appears, however, that after Roskoff had defaulted in the performance of his work under the first contract, the said work was completed by the board of education after due notice to Roskoff,

and that the surety company on his bond paid the sum of $1,933.40, the excess cost of completing the said contract, to the corporation counsel. This payment was made more than a year after the date of the "Armory" contract. The city, therefore, was made whole, and the cause of action against Roskoff for damages by reason of his default, if any, has passed to the surety company, which is subrogated to the rights of the city as against Roskoff by reason of that default. Does this payment help the plaintiff?

The purpose of the provision of section 419 above quoted is quite clear. It is to safeguard the city from possible loss in entering into contracts with contractors who, by past experience, have proved to be defaulters. Though it may be said in this case that the city has suffered no loss, nevertheless the invalidity of the contract at its inception cannot be obviated by subsequent uncertain events. Roskoff should have known that he could not enter into the second contract while still in default on the first. "It is fundamental that those seeking to deal with a municipal corporation through its officials, must take great care to learn the nature and extent of their power and authority." (*McDonald* v. *Mayor, supra.*)

While there is an expression by way of *obiter dictum* in *Nelson* v. *Mayor* (63 N. Y. 535), which may be argued as justifying a recovery on *quantum meruit* where the city obtains property under a void contract, I do not believe that question is before me, and, therefore, express no opinion thereon. The plaintiff is suing here upon the contract, and no evidence of reasonable value was offered.

The complaint is dismissed.