ROBERT G. HOFFMAN, Plaintiff, v. HENRY L. CRITTENDEN, Defendant.

Supreme Court, Monroe County, February 25, 1931.

*John F. Thomas*, for the motion.

*Charles Van Voorhis*, opposed.

RODENBECK, J. The nonsuit in this case was granted upon the merits. (Civ. Prac. Act, § 482.) The plaintiff should not be put in a position where he can institute another action. In

such an action the evidence would be substantially the same. The question of waiver was not the only one before the court. The motion was made upon the general ground that the plaintiff had failed to make out a cause of action. This case is not as strong as the case of *Adams* v. *Clark* (224 App. Div. 336). In the latter case, which was an action for fraud, the first judgment was reversed by the Court of Appeals because of a ruling on evidence. It was retried substantially upon the same evidence, and the judgment recovered was again reversed, the Appellate Division saying: " We have become convinced that upon the whole record plaintiff has not sustained her burden of proving by a fair preponderance of evidence either falsity of promise, scienter or deceit, even if any promise to contribute has been established."

In the case at bar the evidence shows no intent to deceive nor deception of the plaintiff. The alleged oral statements about reorganization were substantiated by the written plan submitted in evidence. No conclusion of its fraudulent intent could be based upon the alleged statements, in view of the evidence of the written plan of reorganization which was in existence at the time of the sale of the stock. The statements as to the interest sold, contained on the back of the stock certificate, were not false, as the agreement between the defendant and Malley authorized the defendant to sell the stock. The conditions contained in that agreement were complied with, so far as they could be complied with. Malley knew that the conditions as to the reorganization rested upon the consummation of the plan of reorganization. As to the reliance of the plaintiff, there was a reference on the back of the stock certificate to the plan of reorganization and the agreement with Malley, which put him on his guard and which, in the exercise of reasonable care, he ought to have examined. He is not in a position to claim that he was deceived by oral statements made to him about Malley's interest or the plan of reorganization. He may have a cause of action, but it is not one for fraud. Upon the whole case there was no question of fact that should have been submitted to the jury, and the evidence would not justify a conclusion of fraud. (Civ. Prac. Act, § 457-a.) The plaintiff was an experienced man who had investigated the speculative possibilities of the undertaking and took his chances with the rest of the investors in the company. After the failure to float the company and after his participation in its affairs, he should not be heard to complain and to recover back his investment upon the plea of fraud, without the clearest evidence of fraud, and in the face of acquiescence and waiver by not acting promptly after knowledge of the alleged fraud. The nonsuit was not granted

solely upon the ground of waiver, and the defendant is entitled to support it upon any ground that the condition of the evidence warrants.

In Monroe county, when a case has been noticed and a note of issue filed, it remains on the calendar and no further notice of trial need be served or note of issue filed. (Rules Civ. Prac. rules 150, 151.) Under these circumstances, the defendant is not entitled to more than ten dollars costs before notice of trial and fifteen dollars after notice of trial and before trial.

The costs should be retaxed so as to eliminate these two items, aggregating twenty-five dollars; otherwise, the motion is denied, without costs.

So ordered.