UNION TRUST COMPANY OF ROCHESTER, Plaintiff, *v.* NORMAN W. MAYER, Defendant.

County Court, Monroe County, November 17, 1933.

*Harris, Beach, Folger, Bacon & Keating* [*Kenneth B. Keating* of counsel], for the plaintiff.

*Charles L. Pierce*, for the defendant.

KOHLMETZ, J. On the 30th day of October, 1928, Robert F. Bragg and Rene Helen Bragg executed and delivered to the defendant their promissory note in writing whereby they agreed to pay to the order of the defendant, on demand, the sum of $1,500, with interest. Thereafter, the defendant indorsed the note and delivered the same to the plaintiff and at the same time signed a statement by which he waived protest and notice of non-payment and also guaranteed payment of the note. It is perfectly clear from all of the papers before the court, including the note itself, that the defendant indorsed the note and signed the waiver and guaranty as an accommodation to the makers of the note and for the purpose of lending them his credit. This action was brought by the plaintiff against the defendant to recover the balance due on the note. An answer has been interposed by the defendant, and the plaintiff, claiming that the answer raises no triable issue, moves for summary judgment. The defendant has also made a motion for leave to serve an amended answer.

Before the court is justified in saying that a plaintiff is entitled to summary judgment, it must appear from the complaint and the affidavits submitted by the plaintiff on the motion that sufficient facts are alleged and shown by the affidavits to entitle the plaintiff to a judgment. On the other hand, in order to successfully contest the claim of a plaintiff for summary judgment, the defendant must show by facts alleged in his answer and in his supporting affidavits that there are real genuine issues which should be tried by a jury. If upon all of the papers it appears that there are no issues, it

necessarily follows that a trial would be a useless ceremony. In other words, if upon thorough consideration of all of the papers, it appears that the plaintiff has alleged facts which make out a cause of action and the defendant has failed to allege facts which raise a triable issue, then the motion for summary judgment should be granted. (*General Investment Co.* v. *Interborough R. Trans. Co.*, 235 N. Y. 133.)

An examination of the complaint and the affidavits submitted by the plaintiff on this motion convinces me that the plaintiff has set up facts which constitute a good cause of action against the defendant. On the other hand, an examination of the answer and affidavits submitted by the defendant equally convinces me that he has neither alleged nor presented any facts which raise triable issues. There is no denying the fact that the note involved in this law suit is a legal and binding obligation. It must also be considered as a fact that the defendant indorsed the note as an accommodation to the maker of it and that the defendant loaned his credit to the maker of the note. Under these circumstances, it was not necessary for the defendant to actually receive a consideration for his signature. He knew that the note was to be used for the benefit of the maker, and as was stated in the case of *Packard* v. *Windholz* (88 App. Div. 365) he, knowing that he was indorsing the note solely for the benefit of another, could not shield himself from the enforcement of the agreement on the ground that the indorsement was without actual consideration. Then, again, it appears that he signed a statement guaranteeing the payment of the note and waiving protest of non-payment and, having done so, he is in no position to claim that that was without consideration. Neither is his denial that the plaintiff is the owner and holder of the note in due course of any force for the reason that possession of the same by the plaintiff is *prima facie* evidence of ownership of the same by the plaintiff. (*General Investment Co.* v. *Interborough R. Trans. Co.*, *supra.*) From these observations, it is perfectly clear to me that none of the denials or defenses, set up in the defendant's answer, creates any issues which should be tried by a jury; neither are there any facts in the defendant's affidavits that raise triable issues.

Let us now consider the defendant's application for leave to serve an amended answer. He desires to include as a defense an allegation that the note was indorsed by defendant on the condition that so long as the interest was paid on the note, payment of the principal would not be demanded. There is no merit to this defense and in my opinion it is sham and frivolous. The note is complete in form, promising the payment of both principal and interest. I doubt very much whether there is any force in law to the claim that

such an obligation is enforcible as to one promise and not as to the other. Moreover, it appears that there was a default in the payment of the interest, no payment having been made since July 1, 1932. If, however, it can be claimed that such a condition may be imposed on an obligation of this kind, then it must be held that it is a condition subsequent and oral testimony of the condition would not be competent on the trial. This is the test as to whether or not evidence of an oral agreement of such a condition is competent. Was the note indorsed and delivered unconditionally as a valid and enforcible contract, subject, however, to be defeated as such by a contingency which might subsequently arise; or was it so indorsed and delivered upon a condition which, so long as it remained unfulfilled, left the document in form only without any validity or binding force as to parties taking it with full knowledge of the facts? If the note belongs in the first class, parol evidence is inadmissible to prove the condition; if in the second class, the condition may be proved by parol. I am of the opinion that the note in suit belongs in the first class and that parol evidence would be inadmissible to prove the condition alleged in the proposed amended answer because it would tend to vary the terms of a written instrument. (*Jamestown Business College Assn.* v. *Allen,* 172 N. Y. 291; *Salt Springs National Bank* v. *Hitchcock,* 238 App. Div. 150.)

The motion for summary judgment should be granted, with ten dollars costs, and the motion for leave to serve an amended answer is denied, with ten dollars costs.