## Fourth Department, June, 1934.

Sadie Markson, Appellant, Respondent, v. Markson's Furniture Stores, Inc., Respondent, Appellant.— Judgment affirmed, without costs. All concur, except Thompson and Crosby, JJ., who dissent and vote for reversal on the law and for judgment for the plaintiff as demanded in the complaint.

Robert G. Hoffman, Appellant, v. Henry L. Crittenden, Respondent.— Judgment and order affirmed, with costs. All concur. [139 Misc. 325.]

Christ Madaros, Appellant, v. The Automobile Insurance Company of Hartford, Connecticut, Respondent.— Judgment affirmed, with costs. All concur.

Christ Madaros, Appellant, v. Baltimore American Insurance Company of New York, Respondent.— Judgment affirmed, with costs. All concur.

S. J. Lasser and Another, as Receivers in Equity of H. M. Reich Co., Inc., Appellants, v. Stuyvesant Insurance Company, Respondent.— Order affirmed, with costs. All concur.

T. Frank Dolan, Appellant, v. Daniel L. Doherty and Others, Respondents. — Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Memorandum: While one would ordinarily expect the question of title to property claimed to be covered by the mortgage to be decided in the judgment, instead of on a motion for an order in aid of the receiver, still the parties have, without objection, fully litigated the issue involved, and the appeal is from a determination on the merits. We think that, considering the manner in which the Frigidaire system was installed, the intention of the party who installed it (he being an owner), the damage that would be caused to the realty by removing it, and the adaptability of the fixture to the real estate, the Frigidaire system became a part of the real estate, and that the order appealed from should be reversed. All concur.

Joseph Biscaro, Respondent, v. Liberto & Cerullo, Inc., Appellant.— Judgment and order affirmed, with costs. All concur.

Lucy E. Walter, Respondent, v. G. Clarence Hoffman, Appellant.— Judgment affirmed, with costs. All concur except Sears, P. J., and Taylor, J., who dissent and vote for reversal and for dismissal of the complaint on the ground that the plaintiff has failed to show equities to entitle it to recover upon an oral contract declared void by the Statute of Frauds.

Union Trust Company of Rochester, Respondent, v. Norman W. Mayer, Appellant.— Judgment and order for summary judgment reversed on the law, with costs, and motion for summary judgment denied, with ten dollars costs. Order denying motion to serve amended answer affirmed, with ten dollars costs and disbursements. The papers present a question of fact as to whether there was a legal consideration for the giving of the indorsement as well as the note itself, particularly in view of section 570 of the Penal Law. All concur. [150 Misc. 375.]

The People of the State of New York, Respondent, v. Christopher Porto, Appellant.— Judgment of conviction affirmed under section 542 of the Code of Criminal Procedure. All concur.