GENERAL VALUATIONS CO., INC., 229 FOURTH AVE., NEW YORK CITY, Respondent, v. CITY OF NIAGARA FALLS, NEW YORK, Appellant.

Fourth Department, January 5, 1938.

J. William O'Brien, Corporation Counsel [John F. McNulty, Deputy Corporation Counsel], for the appellant.

George E. Carrie, for the respondent.

TAYLOR, J. On May 28, 1935, plaintiff and defendant entered into a contract in writing by the terms of which plaintiff agreed to furnish defendant with a complete and comprehensive appraisal report of the real estate and property improvements within the city limits of Niagara Falls, and defendant agreed to pay therefor the sum of $54,188. The report was furnished by plaintiff and the sum specified in the contract was paid by defendant. Thereafter plaintiff commenced this action to recover an additional sum of $13,364.71 for services alleged to have been rendered by it to defendant and has recovered judgment for the full amount demanded in its complaint. The answer denies generally the allegations of the complaint and interposes defenses alleging lack of authority on the part of defendant's officers to contract and inadequate appropriation under the provisions of its city charter.

The complaint sets forth three separate causes of action.

In its first cause of action plaintiff alleges that it was induced to enter into the written contract through fraud practiced upon it by defendant. The specific charge of fraud is that, prior to the execution of the contract, defendant falsely represented to plaintiff that there were approximately 20,000 parcels of property within the city limits; that plaintiff relied upon this representation and was induced thereby to enter into the contract. It is further alleged that on September 16, 1935, soon after it commenced the work of appraisal, plaintiff learned that there were approximately 40,000 parcels of property rather than approximately 20,000 within the city limits; that plaintiff immediately " advised the defendant

that it could not proceed to carry out the terms of said contract under said circumstances unless the contract was modified to compensate plaintiff additionally for said work * * * and the defendant * * * informed the plaintiff to perform said extra work and to submit the cost of the same with its bi-weekly bills pursuant to said contract, which the plaintiff consented to and thereafter did and which the defendant accepted and paid thereon up and until the 13th of January, 1936." It is further alleged that the amount due and owing to plaintiff by reason thereof is the sum of $10,275.13.

Plaintiff, in an endeavor to establish this cause of action, adduced evidence tending to prove that, in October, 1934, it sought to negotiate a contract with defendant for a general appraisal of all real estate located within the city limits; that during these negotiations it inquired of the city assessor the number of parcels of property within the city and was informed by him that there were approximately 20,000; that relying upon this information plaintiff proposed to do the work of appraisal for the sum of $54,188; that the proposal was not accepted; that on April 30, 1935, defendant resumed negotiations with plaintiff and thereafter defendant's city council appropriated the sum of $54,188 for the purpose of a general real estate appraisal and duly authorized the mayor to execute the contract therefor; that in the latter part of August, 1935, plaintiff discovered that instead of there being 20,000 parcels, there were approximately 40,000; that on September 20, 1935, plaintiff wrote to defendant's city manager of its discovery and suggested that an additional sum of $7,500, based upon a charge of fifty cents for each parcel of vacant property in the city, would be very fair; and that "We feel that the matter should be presented for your consideration so that you can make your recommendation to the City Council;" that having received no reply to this letter plaintiff on November 30, 1935, wrote the mayor, inclosed a copy of the September twentieth letter and asked for a reply thereto; that on December 18, 1935, the city manager wrote to plaintiff stating that the city assessor had denied making any statement as to the number of parcels and that the council had decided that it would not be necessary to have any extra work done. This evidence did not justify a finding by the jury that plaintiff, at any time or in any way, repudiated its contract with defendant, or that the contract was changed or modified.

It further appears that, with knowledge of the alleged fraud, plaintiff continued to perform its contractual obligations and to render bi-weekly bills and receive payments in accordance with the provisions of the contract.

Assuming that plaintiff was legally entitled to rely upon the assessor's statement and did thereon rely in fixing the contract price, plaintiff could not, after discovery of the fraud, continue to perform acts in furtherance of the contract and accept the benefits thereof and at the same time subject the defendant to liability based upon its having been induced to enter into the contract through defendant's fraud. Plaintiff was required to take one of two positions — it could waive the fraud and insist upon performance by defendant or disaffirm its contract and recover its damages. (*Tanenbaum* v. *Federal Match Co.*, 189 N. Y. 75, 84; *Merry Realty Co.* v. *Shamokin & Hollis R. E. Co.*, 230 id. 316, 323; *Hoffman* v. *Crittenden*, 242 App. Div. 671, affg. 139 Misc. 325; Restatement of the Law of Contracts, § 484.) Plaintiff, not having disaffirmed but having waived the fraud, if fraud there were, was not entitled to recover additional compensation for services included within the contract and, therefore, defendant's motion to dismiss plaintiff's first cause of action should have been granted.

Plaintiff's second and third causes of action involve two special appraisals and reports alleged to have been furnished by plaintiff for defendant's use in tax certiorari proceedings brought by United Office Building and Carborundum Company against defendant. In the second cause of action the sum of $829.55 is demanded for the United Office Building report and in the third cause of action the sum of $1,984.45 is demanded for the Carborundum Company report.

It is not disputed by defendant that its city manager entered into an oral agreement with plaintiff whereby plaintiff was to make a more detailed appraisal of these two properties than was contemplated by the provisions of the contract for a general appraisal of the real estate properties within the city. Had plaintiff presented evidence sufficient to show that it actually performed additional services, it would have been entitled to recover reasonable compensation therefor, unless the value of the services exceeded the sum which, under the city charter (Laws of 1916, chap. 530, as amd.), the city manager might legally authorize to be expended without the approval of the city council; in this event, plaintiff's recovery might be limited by the provisions of the charter. (*McDonald* v. *Mayor*, 68 N. Y. 23; *Dickinson* v. *City of Poughkeepsie*, 75 id. 65, 74; *Bewley* v. *City of Lockport*, 239 App. Div. 751. See, also, *Vermeule* v. *City of Corning*, 186 id. 206; affd. without opinion, 230 N. Y. 585, and *Abells* v. *City of Syracuse*, 7 App. Div. 501.)

The record, however, fails to disclose any evidence which would indicate that plaintiff had performed any services which were not included in the written contract. The record does disclose that

plaintiff rendered bills for such services but there is no evidence tending to establish that the services for which the bills were rendered were ever, in fact, performed. The judgment, therefore, in plaintiff's favor on the second and third causes of action, should be reversed and a new trial of the issues granted. By reason of this conclusion, it becomes unnecessary to discuss the defense of inadequate appropriation; it may, however, be pointed out that this was an affirmative defense and that defendant offered no evidence in support thereof.

The judgment should be reversed on the law, with costs. The first cause of action alleged in the complaint should be dismissed, with costs, and a new trial granted in respect to the second and third causes of action.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, CUNNINGHAM and TAYLOR, JJ.

Judgment and order reversed on the law, with costs, and the first cause of action alleged in the complaint dismissed, with costs, and a new trial granted in respect to the second and third causes of action.