QUEENS PARK GARDENS, INC., Appellant, Respondent, *v.* THE COUNTY OF NASSAU and Others, Respondents, Appellants.

Second Department, December 23, 1938.

*Ferdinand I. Haber* [*Herman Block, Francis Gilbert* and *Meyer Kraushaar* with him on the brief], for the appellant, respondent.

*John J. Knob, Deputy County Attorney* [*James L. Dowsey, County Attorney,* and *J. Oakey McKnight, Deputy County Attorney,* with him on the brief], for the County of Nassau and others, respondents, appellants.

*Samuel M. Levy*, for the respondents, appellants, The. J. M. Cleminshaw Co., James M. Cleminshaw, Leonard J. Cleminshaw and Robert Allen, individually and as copartners doing business under the name and style of J. M. Cleminshaw & Associates.

DAVIS, J.   Defendant County of Nassau, on recommendation of its board of assessors and by ordinance adopted by its board of supervisors, entered into a contract with the defendant corporation, and with certain of its officers individually, to make tax maps and expert appraisals of all of the separate parcels of assessable property in the county of Nassau, constituting one entire tax district under the Nassau County Government Law.   (Laws of 1936, chap. 879, as amd. by Laws of 1937, chap. 618.)   In this taxpayer's action the plaintiff seeks to enjoin the performance of the contract and to have the same declared illegal and void as not authorized and as constituting a waste of public funds.   It is admitted by plaintiff that there is no question of fraud, collusion or dishonesty involved.   The principal contention presented by plaintiff is that of lack of statutory authority on the part of the county to make the contract, and that no such authority can be implied from the statutory provisions regulating the acts of the board of assessors, the county executive and the board of supervisors.

The whole system of assessment has been changed and it became necessary after January 1, 1938, when the Nassau County Government Law took effect, to revise entirely the system of taxation which had theretofore prevailed through assessment by the town assessors, which office has been abolished by the statute.   The new board of assessors, with county-wide authority, consists of one elected chairman and four assessors appointed from the different towns.   This board now makes all assessments throughout the county regardless of the town in which the property is located. It establishes an entirely new system, based on uniformity and equality.

It was recognized that to put the new system into operation in making tax maps that would include every parcel of land wherever located and to make a just and equitable assessment thereon in respect to location, street frontage, depth, and to irregular parcels, a practically impossible task was laid upon the board of assessors. The county has practically 400,000 inhabitants and there are 300,000 parcels of property and about 100,000 buildings or structures which must be separately assessed.   It is anticipated that with the change of system there will be great discontent among individual owners of property, with a large amount of litigation to review

the assessments, unless it can be demonstrated that such assessments are made on a fair and equitable basis, as demonstrated by the tax maps and a scientific method of appraisal.

It was in view of this situation, and for other reasons, that the board of assessors made inquiry as to obtaining expert assistance in making the maps and appraisals of property for their own guidance in finally determining the amount of the assessment to be based upon each individual parcel. After receiving a message from the county executive, the board of supervisors passed an ordinance making an appropriation for the preparing of tax maps and land value maps. Pursuant to this ordinance, a contract was made with the defendant corporation to furnish engineers and appraisers to give such expert assistance and advice. Such a contract was made as a result of much inquiry and deliberation; and, it is said, was later ratified by the board of supervisors. That is the contract attacked by plaintiff in this taxpayer's action, although it and no other appeared in opposition at a public hearing when the ordinance was adopted.

The order, from which an appeal is taken by both parties, denied plaintiff's motion for a temporary injunction and also the motions by defendants to dismiss the complaint as not containing facts sufficient to constitute a cause of action. It is stated by the plaintiff-appellant in its brief: " The questions before the court upon the appeals present the only ones which would be raised upon a trial. The decision of the court upon the legality of the contract will be a decision of the litigation upon the merits."

The system of employing experts to render advice and assistance to the board of assessors in obtaining a fair and scientific assessment is generally recognized in this and other States as productive of good results. Where it has been found that authority was lacking in village charters and other statutes, such authority has been readily conferred by the Legislature. (See *Leffingwell* v. *Scutt*, 221 App. Div. 462, followed by an amendment to the Village Law the following year, Village Law, § 89, subd. 60; see, also, as to conferring authority on officials to contract for employment of experts, Town Law, § 102, subd. 5.) In *General Valuations Co., Inc.*, v. *City of Niagara Falls* (253 App. Div. 156; revd. in part, 278 N. Y. 273) the question of the validity of a similar contract was apparently not deemed worthy of presentation to the court and was not considered.

The conclusion we reach as to the principal question is that the provisions of the Nassau County Government Law (§§ 103, 603, 607), with the powers to be implied therefrom, authorized and

justified the making of the contract. Other questions raised by the plaintiff-appellant do not seem to merit discussion.

The order should be modified so as to provide that the last ordering paragraph be struck out and that the motions of defendants to dismiss the complaint be granted, and as so modified affirmed, with ten dollars costs and disbursements to respondents-appellants.

LAZANSKY, P. J., HAGARTY, ADEL and TAYLOR, JJ., concur.

Order modified so as to provide that the last ordering paragraph be struck out and that the motions of defendants to dismiss the complaint be granted. As so modified, the order is affirmed, with ten dollars costs and disbursements to respondents-appellants.