A. G. CONCRETE BREAKERS, INC., Appellant-Respondent, v. STATE OF NEW YORK, Respondent-Appellant. (Claim No. 33712.) — Claimant appeals from a judgment of the Court of Claims in its favor for the sum of $4,823.19 upon the ground of inadequacy. Claimant was the successful bidder on a contract to lay and anchor a sludge pipe about 6,000 feet long on the bottom of Jamaica Bay. Its claim was for alleged extra work, materials and expense occasioned by variance between the actual contour of the bottom of the bay and the contour as shown in the specifications submitted by the State, and upon which the contract was allegedly based. In other words, claimant contends that the State misrepresented the depth of the water at various points and the contour of the bottom in offering the contract for bids. The soundings made by the State were made a substantial period of time before the contract was let and the plans referred to "approximate profile of bottom". The contract required the contractor to take its own soundings and submit for approval scaled drawings of the alignment of the pipe line and the contours of the bottom of the bay before entering upon the work. This was done, and claimant wrote a letter to the State claiming that the bottom was not as indicated in the plans and estimated the extra cost to be $3,500, which it

agreed to waive if it were permitted to use galvanized steel instead of stainless steel on certain parts of the project. The State did not reply to this letter. With full knowledge of all of the facts before it commenced any work on the project, claimant went ahead with the performance of the contract. The instructions to bidders and the proposal requirements contained the usual clause to the effect that the bidder must determine for himself the character, quality and quantity of work and materials to be required and the difficulties to be encountered. The Court of Claims has found that there was no fraud on the part of the State and that claimant was not misled by any representation made by the State. We think the record sustains such findings. Moreover, by proceeding with the contract and commencing performance after full knowledge of the facts, claimant waived any alleged misrepresentation. (*General Valuations Co.* v. *City of Niagara Falls*, 253 App. Div. 156, affd. as to that cause of action, 278 N. Y. 273.) The Court of Claims allowed claimant the sum of $4,823.19 on the theory that the letter above referred to constituted a new bid which was impliedly accepted. While the State served a notice of appeal from that part of the judgment it does not press the matter on argument or in its brief. Judgment unanimously affirmed, without costs. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ. [16 Misc 2d 511.]