■ CHEMICAL BANK, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent.—Cross appeals from a judgment in favor of claimant, entered August 24, 1977, upon a decision of the Court of Claims. This claim, originally in the name of Lizza & Sons, Inc., is one for the alleged breach of a contract for the construction of a section of the Long Island Expressway and related projects. Although the initial claim contained 10 causes of action, the Court of Claims has made awards on but four of them, the others having been withdrawn or dismissed. On this appeal we are specifically concerned with a challenge by the State to the awards for the first and ninth causes of action, and with a cross appeal by claimant to the dismissal of its fifth and sixth causes of action. The essence of this litigation centers on the fifth cause of action wherein damages in the sum of $1,329,100.65 were sought by claimant arising from its earthwork operation under the contract. Claimant's theory was that the contract plans and documents contained a quantitative misrepresentation by the State in regard to excavation materials which directly and wrongfully caused it to incur unantici-

pated costs during performance of the work. The relocation of massive amounts of earth was required to complete the project at a certain grade and it is plain that a portion of the contract documents erroneously summarized the amount of material that would be taken from excavation sites in order to fill areas where embankments were needed. In particular, claimant insisted that because those documents failed to properly account for topsoil that was to be stripped from the site for later use, it was misled and actually encountered less material at points of excavation. For the same reason, so its contention ran, more fill was needed at points of embankment. Claimant maintained it experienced increased costs by virtue of this misrepresentation, even though additional materials did not have to be brought from without the site to accomplish the operation, since those materials which were ultimately used took longer to haul over greater distances than had been foreseen at the time its bid was submitted. While this argument seems appealing, we must reject it as the basis for any award. The underlying reason for claimant's unanticipated expenses appears to be its assumption that so-called "earthwork detail sheets" had necessarily represented after-strip quantities. Although the contract plans and related documents might be so interpreted at first, a thorough reading thereof should have alerted claimant to the inaccuracy of that assumption. The contract documents clearly indicated that the estimated amount of topsoil to be removed from any given area along the job site had not been determined, and, therefore, it could not be assumed that after-strip quantities were represented in the earthwork detail sheets. Accordingly, we cannot conclude that there has been a showing that the misrepresentation was the direct cause of damage to claimant and recovery was properly denied (A. S. Wikstrom, Inc. v State of New York, 52 AD2d 658). Moreover, the record does not demonstrate that the misrepresentation was made recklessly, or that there was a withholding of material information (A. S. Wikstrom, Inc. v State of New York, supra; County Asphalt v State of New York, 40 AD2d 26; John Arborio, Inc. v State of New York, 41 Misc 2d 145). In our view the sixth cause of action was also properly dismissed. Claimant therein asserted that actual findings of a particular material on the job site did not conform to the State's estimates. There is no allegation of fraud or misrepresentation and, in their absence, it is well established that the State is not liable for loss resulting from differences between the estimated quantities and those actually discovered (see A. G. Concrete Breakers v State of New York, 16 Misc 2d 511, affd 9 AD2d 995). Next, the ninth cause of action should be sustained. The award was in recognition of the subcontractor's costs for additional grinding of the pavement after the highway was opened. The record supports the finding that such additional expenses was due directly to the State's negligence in not locating all of those rough areas in its initial check. Finally, we would modify the award made on the first cause of action to increase it by $10,563.30, which amount represents the costs for grinding work according to the specifications and the 21% figure used by the Court of Claims for overhead and profit, since it is plain that claimant incurred its own expense in this work, separate and apart from that of its subcontractor. The balance of the award under this cause of action related to State-directed bridge jacking and the cost of delay attributable to the negligence of the State. Claimant's presence when it was called upon to perform extra work was caused by delay occasioned by the State. Accordingly, the award was proper (D'Angelo v State of New York, 41 AD2d 77). Judgment modified, on the law and the facts, by increasing the award on the first cause of action by

$10,563.20, together with appropriate interest, and, as so modified, affirmed, without costs. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.