■ IDT CORPORATION, Appellant, v MORGAN STANLEY DEAN WITTER & Co., Respondents. [923 NYS2d 840]—

Order, Supreme Court, New York County (James A. Yates, J.),

entered July 2, 2010, which granted defendants' motion to dismiss the first and second causes of action, unanimously affirmed, without costs.

Plaintiff did not state in sufficient detail its claim that in reasonable reliance on defendants' allegedly misleading "reassurances" it altered its conduct to its detriment (see CPLR 3016 [b]). Plaintiff failed to specify the action it refrained from taking as a result of its reliance on defendants' assurances.

Plaintiff's claim of damages arising from defendants' allegedly misleading reassurances is too attenuated, since it was not the false assurances that injured plaintiff but the alleged misrepresentations made by defendants to nonparty Telefonica about plaintiff that injured plaintiff by purportedly causing Telefonica to breach its agreement with plaintiff (see e.g. Chemical Bank v State of New York, 64 AD2d 755 [1978], lv denied 45 NY2d 712 [1978]). In any event, to the extent plaintiff seeks damages based on fraud for other than pecuniary loss, such damages are not recoverable (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]; Starr Found. v American Intl. Group, Inc., 76 AD3d 25 [2010]). As to the $10 million fee, according to its own pleadings, plaintiff paid that fee not in reliance on a misrepresentation or omission by defendant but because it was coerced into paying it. Thus, plaintiff's claim as to the $10 million is not fraudulent inducement but unjust enrichment, and the Court of Appeals has already dismissed that claim for failure to state a cause of action (12 NY3d 132, 138-139 [2009]). Concur—Tom, J.P., Saxe, Acosta, Freedman and Abdus-Salaam, JJ.