## COURT OF APPEALS.

### November, 1923.

## HELEN SINGER v. DAVID H. KNOTT, SHERIFF.

### (237 N. Y. 110.)

(1) JAIL LIBERTIES.

Jail liberties or limits consist of a delimited space of ground adjacent to the jail which is considered as an extension of the four walls of the prison within which certain civil prisoners may be allowed to go at large without imposing liability upon the sheriff for an escape. Since 1846 the liberties of the jail for New York county have been the whole of the county.

(2) SAME—ACTION AGAINST SHERIFF FOR PERMITTING CIVIL PRISONER TO ESCAPE FROM JAIL LIBERTIES.

The going at large, beyond the liberties by such a prisoner, without the assent of the party at whose instance he is in custody, is an escape

for which the sheriff is answerable. (Prison Law, §§ 369-b, 369-c.) But, in an action against a sheriff for permitting a civil prisoner to escape, within the purview of the statute, the burden of showing that the prisoner was off the jail liberties at the date of the alleged escape is upon the plaintiff as part of the *prima facie* case.

(3) SAME—EVIDENCE.

In an action brought against the sheriff of New York county for permitting a civil prisoner to escape, plaintiff alleges that the sheriff permitted the prisoner to go at large on a certain date after he had taken him into custody on an order of arrest granted in an action by plaintiff for separation. On the day mentioned the prisoner was released by the sheriff within the jail liberties for the county of New York but plaintiff offered no proof that he left such liberties except by showing that he had been seen in Atlantic City a year and a half later. The plaintiff did not make out her case. A presumption that, because the prisoner was on a certain day outside the four walls of the jail in New York county, he left the county on that day, rests on no reasonable relation of the fact proved to the fact to be established by proof. The court cannot intend or infer anything, unless it be plain and irresistible to charge the sheriff. (Steward v. Kip, 7 Johns. 165; Bissell v. Kip, 5 Johns. 89, distinguished.)

Singer v. Knott, 203 App. Div. 556, reversed.

(Argued October 25, 1923; decided November 20, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 20, 1922, which reversed a judgment in favor of defendant entered upon an order of the trial court setting aside a verdict in favor of plaintiff and directing a dismissal of the complaint, and granted a new trial.

*John Godfrey Saxe, George W. Olvany* and *John Ingle, Jr.,* for appellant. The statutes make the liberties, " to all intents and purposes, the same as the walls of the prison." (Peters v. Henry, 6 Johns. 121; Brown v. People, 75 N. Y. 437.) In actions against a sheriff for an escape, the plaintiff must show affirmatively that the prisoner was then off the limits. (Visscher v. Gansevoort, 18 Johns. 496; Cosgrove v. Bowe, 10 Daly, 353; Danford v. Weaver, 84 N. Y. 445; People ex rel. Wolfe v. Johnson, 230 N. Y. 256.)

3

*Barnett E. Kopelman,* for respondent.   It is purely a matter of defense to the sheriff to show when sued for an escape, that the prisoner, though seen at large was not beyond the jail limits.   (Beattys v. Straiton, 142 App. Div. 369; Beugger v. Ashley, 161 App. Div. 576; Caponigri v. Altieri, 165 N. Y. 255; G. & W. Ry. Co. v. N. Y. C. & H. R. R. R. Co., 163 N. Y. 228; Bissell v. Kip, 5 Johns. 89, 95; Steward v. Kip, 7 Johns. 165.)

POUND, J.:

Defendant is sued as the sheriff of New York county for an escape.   He permitted, it is alleged, one Singer to go at large on June 21, 1918, after he had taken him into custody on an order of arrest granted in an action brought by plaintiff for a separation.   On that day the prisoner was released by the sheriff within the jail liberties of the county of New York and plaintiff offered no proof that he left such liberties except by showing that he had been seen in Atlantic City in July, 1920.   As the trial justice said:   "For all we know, he was in New York county for a year and a half after" June 21, 1918.

The question is whether a *prima facie* case of an escape has been proved.   The trial court, after taking the verdict of a jury on the question of arrest, dismissed the complaint, holding that the burden of showing that the prisoner was off the jail liberties at the date of the alleged escape was upon the plaintiff as a part of her *prima facie* case.   The Appellate Division reversed and granted a new trial holding that when the plaintiff had established that the prisoner was released from the actual custody of the sheriff, a *prima facie* case of escape was proved.

Jail liberties or limits consist of a delimited space of ground adjacent to the jail which is considered as an extension of the four walls of the prison within which certain civil prisoners

may be allowed to go at large without imposing liability upon the sheriff for an escape. (Prison Law [Cons. Laws, ch. 43], § 362.) Originally established under general laws by order of the Courts of Common Pleas and later by resolution of the board of supervisors (Prison Law, §§ 359, 360), they might be varied at discretion. Under the present statute liberties thus established must not exceed five hundred acres in quantity.

Statutes have from time to time been passed to mitigate the hardships of imprisonment and enlarge the freedom of the prisoner by expanding the liberties so as to correspond to the boundaries of the county, city or village in which the jail was located. (Prison Law, § 357.) Thus the liberties of the jail for New York county have been since 1846 the whole of the county. (L. 1846, ch. 32.)

Escape and the sheriff's liability for escape are defined by Prison Law (§§ 369-b and § 369-c) as follows:

" Sec. 369-b. What constitutes an escape.

" *The going at large, within the liberties of the jail* in which he is in custody, of a civil prisoner who has executed such an undertaking, or *of a prisoner who would be entitled to the liberties upon executing such an undertaking,* is not an escape. But the going at large, *beyond the liberties,* by such a prisoner, without the assent of the party at whose instance he is in custody, is an escape. * * *"

" Sec. 369-c. Sheriff's liability for escape.

" Where a civil prisoner, in the sheriff's custody, goes or is at large *beyond the liberties of the jail,* without the assent of the party at whose instance he is in custody, the sheriff is answerable therefor * * *."

The plaintiff must make out her case. When she proves only that on the day of the alleged escape the prisoner was within the county of New York, she proves herself out of court. The presumption that because he was on a certain-

day outside the four walls of the jail in New York county, he left the county on that day, rests on no reasonable relation of the fact proved to the fact to be established by proof. "We cannot intend, or infer anything, unless it be plain and irresistible, to charge the sheriff." (Visscher v. Gansevoort, 18 Johns. 496, 497.)

In Bissell v. Kip (5 Johns. [1809] 89) the question of escape was at issue. The sheriff sought to defend on the ground that the liberties were not properly defined according to law and that the prisoner was within the reputed limits. KENT, Ch. J., answering this contention, said that the sheriff could justify the prisoner's being at large, without the four walls of the prison, only by showing liberties established and defined by law, *i.e.*, that it was not enough to show that the prisoner was within the reputed limits of the jail.

In Steward v. Kip (7 Johns. [1810] 165) the court followed Bissell v. Kip (*supra*), as stating the correct rule on the burden of proof, but by way of dictum only, saying that the defendant had supplied the deficiency in proof.

These authorities are not in point. If the question of escape depends upon a decision of the disputed questions (a) whether liberties have been legally established, and (b) what the true boundaries of such limits are, it might be said that the burden should be shifted to the sheriff to offer evidence to justify the prisoner's being at large when it is shown that he was without the jail walls. But the burden of proof on the whole case would not shift and the law overcomes the burden of going on with the proof in a case where the liberties are defined by statute as being the county of New York.

The court takes judicial notice of general statutes. It would not be bound to take judicial notice that limits have been legally and definitely established under general statutes. With no presumption that limits have been so established,

plaintiff might rest a *prima facie* case on the presumption that the boundaries of the jail had not been expanded. The early cases decide nothing more than this if they may reasonably be interpreted as going as far.

The statute defines what is an escape and what is not an escape. The burden is upon the plaintiff to establish affirmatively that on the date alleged the prisoner went at large beyond the county.

The order of the Appellate Division granting a new trial should be reversed and the judgment of the Trial Term affirmed, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., HOGAN, CARDOZO, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Order reversed, etc.