MURRAY F. HORN, Respondent, v. CITY OF JAMESTOWN, DEPARTMENT OF PUBLIC UTILITIES, Appellant.—Judgment of Chautauqua County Court affirmed, with costs. Memorandum: Nearly everything in the matter of the employment of plaintiff as a meter reader for the public utilities department of the defendant was irregular and contrary to Civil Service Law and rules. The department adopted no rules classifying the service and fixing salaries; in the notice of the civil service examination for meter readers no mention was made of the salary to be paid; in the notice to plaintiff of his appointment he was given no information of what his salary was to be. Under these circumstances plaintiff relied upon the promise of the superintendent of the department that his salary would be the same as other men in the same service were receiving. Plaintiff did the work in a manner entirely satisfactory to his superiors in the department. He was at least a *de facto* employee and entitled to what his services were justly worth. What other employees, in the same service, and doing the same work, received, was some evidence of the worth of plaintiff's services. The complaint is based upon an alleged contract which cannot be enforced, but liberally construed it can be read as a complaint for *quantum meruit*. The acceptance by plaintiff of a lesser wage for a period, while doubtless an admission against his interest, was not conclusive. All concur, except Taylor, J., who dissents and votes for reversal on the ground that the acceptance of payment was conclusive as to the amount of his claim. (The judgment of the Chautauqua County Court affirms a judgment of the Jamestown City Court in favor of plaintiff in an action to recover balance due for work performed.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

HAROLD PHILLIPS, Respondent, v. CITY OF JAMESTOWN, DEPARTMENT OF PUBLIC UTILITIES, Appellant.— Same decision and like cause of action as in companion case last above. Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

CORA L. SPINK, as Administratrix, etc., of FANNY M. LINCOLN, Appellant, v. THE STATE OF NEW YORK, Respondent. (Claim No. 23595.) — Judgment affirmed, with costs. Memorandum: The proximate cause of the accident was the fact that the tractor and trailer as they descended the hill were not under the control of the operator. No negligence on the part of the defendant was shown either as to the construction of the road or as to defects or as to signs. All concur. (The judgment dismisses a claim for damages due to negligence in highway maintenance.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.