In the Matter of THOMAS J. FAHEY, Respondent, for an Order under Article 78 of the Civil Practice Act against WILLIAM T. WRIGHT, Mayor of the City of Rensselaer, New York, Appellant.

Third Department, March 15, 1939.

*LaVerne Orvis, Corporation Counsel,* for the appellant.

*John J. Scully,* for the respondent.

HILL, P. J. Respondent, the mayor of Rensselaer, appeals from an order of the Albany Special Term directing him forthwith " to sign the checks drawn to the order of the petitioner herein for services rendered to the City of Rensselaer during the months of August, September, October, November and December, 1937,

and January and February, 1938; * * * that upon the signing of the checks by the respondent * * * the same be delivered to the petitioner."

The petition, seeking a remedy under article 78 of the Civil Practice Act, recites that respondent, the city treasurer and the city clerk comprise the board of public safety of the city which has control and supervision of its police department, and that petitioner, in 1926, was appointed assistant to the chief of police at an annual salary of $1,750, and continues to hold that office; that the payroll of the police department is submitted to the city treasurer on the first and fifteenth of each month, and beginning December 15, 1926, and continuing until August, 1937, petitioner's name has appeared on the payrolls and he has been paid his salary during that time by check; that the common council of the city prepared a budget for the years 1937 and 1938 and " placed in the Police Fund the sum of One thousand nine hundred dollars ($1,900) (salaries) to cover the payment of your petitioner herein for the year beginning August 1, 1937, and ending July 31, 1938;" that the payroll of August 15, 1937, submitted by the chief of police to the city treasurer " contained the name of your petitioner with the notation ' Assistant to the Chief,' " and a check to the order of petitioner for his salary was signed by the city treasurer and city clerk, which the mayor has refused to countersign; that all payrolls to February, 1938, contained petitioner's name and checks to his order were signed by the city treasurer and city clerk, each of which the mayor has refused to countersign; that petitioner has performed the duties of his office during all of the period mentioned. The petitioner asks that the mayor be ordered forthwith to sign all of the checks.

The answer denies the allegations of the petition concerning the appointment of petitioner, admits that payments of salary were made to him, but implies that they were illegally made, denies that the common council placed in the annual budget $1,900 " to cover the payment of your petitioner herein for the year beginning August 1, 1937, and ending July 31, 1938," and that a check was drawn to the order of petitioner for his August 15, 1937, salary which had been signed by the city treasurer and city clerk, and which respondent refused to countersign. It admits that petitioner did perform " some duties " in connection with the police department after August 1, 1937. It pleads as separate defenses that two proceedings between these parties involving the same issues, each commenced prior to this proceeding, are still pending; and a third involving the refusal of the Rensselaer city civil service commission to certify the payrolls containing petitioner's name

is also pending; that the board of public safety of the city, on November 10, 1936, adopted a resolution providing for the retirement of employees and members of the police department when they should severally arrive at the age of sixty-five years, and that petitioner became sixty-five years of age before August 1, 1937, and that since that time he has not been a member of the police force; that his name, since September 1, 1937, has not appeared upon the payrolls of the city certified by the city civil service commission, as required by section 20 of the Civil Service Law.

Should it be determined that the petition alleges facts showing petitioner's clear legal right to relief, these denials and affirmative defenses present one or more issues of fact triable (Civ. Prac. Act, § 1295) by a referee, the court without a jury, or, as it is alleged that this proceeding involves a failure to perform a duty specifically enjoined by law, with a jury, if demanded. The order appealed from, which is comparable to a peremptory order, could have been granted under the old practice only after a trial of the issues pursuant to the direction of an alternative order of mandamus. (*Matter of Eaton* v. *Sweeny,* 257 N. Y. 176, revg. 232 App. Div. 459; *Matter of Jacobs* v. *Board of Supervisors,* 236 id. 193.) Under the new practice it should have been granted only after all issues of fact raised by the pleadings had been disposed of at a trial. (Civ. Prac. Act, § 1295; *Matter of Dubow* v. *Ross,* 254 App. Div. 706.) Upon the application for the order before a trial, all the statements of alleged facts in the opposing papers are assumed to be true. (*Matter of McEneny* v. *McKee,* 236 App. Div. 140; affd., 262 N. Y. 494.) Under new article 78 of the Civil Practice Act only the classifications of certiorari (Civ. Prac. Act, old art. 78), mandamus (Id. old art. 79), and prohibition (Id. old art. 80) have been abolished. The relief heretofore obtainable under the three old articles may now be obtained under the single one. (Civ. Prac. Act, § 1283.) The proceeding under review formerly would have been classified as mandamus, for " The expression ' to compel performance of a duty specifically enjoined by law ' refers to all other relief heretofore available in a mandamus proceeding." (Civ. Prac. Act, § 1284, subd. 3.)

A petition should be dismissed if it fails to show a clear legal right either to peremptory or alternative mandamus. (*Matter of Spanhake* v. *Teachers' Retirement Board,* 224 App. Div. 75; affd., 249 N. Y. 605; *People ex rel. McMackin* v. *Board of Police,* 107 id. 235; *People ex rel. Dady* v. *Coler,* 171 id. 373; *Matter of Whitman,* 225 id. 1; *Matter of Eiss* v. *Summers,* 205 App. Div. 691.) Respondent asserts as matter of law (Civ. Prac. Act, § 1293) that the petition fails in two respects to show a clear legal right to any relief, (1) that

it does not appear that the mayor was specifically enjoined by law to countersign the checks, and (2) that it does not appear that the city payroll containing petitioner's name had been certified by the city civil service commission as required by law. (Civil Service Law, § 20.) The charter of the city of Rensselaer (Laws of 1915, chap. 69) provides: " The chief of police, assistant chief of police and the officers and employees of the police    *    *    *    department, shall receive their salary at such time and in such manner, and the payment thereof shall be made as the board of public safety shall prescribe " (§ 235, as amd. by Laws of 1917, chap. 680), and also, " The board of public safety shall make and adopt and enforce such rules and regulations not inconsistent with law, as may be reasonably necessary to effect a prompt and efficient exercise of all the powers conferred and the performance of all duties imposed by law upon each of the departments under its jurisdiction." (§ 233.) The petition is silent as to what rules and regulations, if any, have been adopted by the board of public safety concerning the manner or time of payment of salaries to policemen and police officers. The board may have adopted a rule enjoining upon the mayor the duty to countersign the checks, but a court may not take judicial notice thereof. (*Singer* v. *Knott*, 237 N. Y. 110; *Josh* v. *Marshall*, 33 App. Div. 77; *People ex rel. Langdon* v. *Dalton*, 46 id. 264; *People ex rel. Caridi* v. *Creelman*, 150 id. 746; *People ex rel. Browdy* v. *McDermott*, 169 id. 755.)

The petition fails to show petitioner's clear legal right to receive his salary from any city official because of the failure to allege approval by the civil service commission of the payrolls containing his name, and further fails to plead facts showing it to be the duty of the mayor to countersign the salary checks. Thus, in point of law (Civ. Prac. Act, § 1293) the petition does not state facts sufficient to justify the issuing of the order, had none of its allegations of fact been controverted in the answer, and, therefore, does not state facts which would necessitate or permit a trial to determine the issues of fact, and the order appealed from should be reversed, with costs.

McNamee, Bliss and Heffernan, JJ., concur; Rhodes, J., concurs in the result, with a memorandum.

Rhodes, J. (concurring in result). The petition seeks an order directing the mayor of the city of Rensselaer to sign checks drawn to the order of petitioner in payment of his services. He must, therefore, show a clear, legal right to the remedy which he now seeks.

Paragraph 4 of the petition recites that in 1926 a resolution of the board of public safety was passed, which authorized the chief of

police to appoint a member of his department to do duty at police headquarters as directed by the chief, and that pursuant to such resolution petitioner was duly appointed by the chief to the position of assistant to the chief.

This allegation is denied and so upon the record it does not appear that he was ever duly appointed.

Paragraph 12 alleges that petitioner performed the duties assigned to him. This is denied except that it is admitted that some services are being performed by petitioner in connection with the police department.

The answer sets up the allegation in paragraph 13 thereof that heretofore the board adopted a resolution providing for the retirement of employees of the police and fire departments upon attaining the age of sixty-five years, and paragraph 14 of the answer alleges that the petitioner attained the age of sixty-five years prior to the 1st day of August, 1937. These allegations are, of course, deemed to be denied. I know of no reason why such a provision terminating any term of office upon attaining the age of sixty-five is not a valid and operative provision, the same as the provision of the Constitution that a judge's term ends upon the arrival of the age of seventy.

Paragraph 15 of the answer also alleges that the Civil Service Law requires that the position claimed to be held by petitioner be filled after competitive civil service examination; paragraph 16 alleges that petitioner does not hold any office under the Civil Service Law or under the rules and regulations of the municipal civil service commission of said city; paragraph 17 that all positions in the police and fire departments have heretofore been determined and provided to be within the competitive class; paragraph 18 that the petitioner has never been appointed and has never served as assistant chief.

These controverted questions as to whether petitioner was ever duly appointed, and as to whether or not his term of office has expired, demonstrate that at this stage of the proceeding he has not shown himself clearly entitled to an order of mandamus requiring the chief to sign his pay checks.

In the case of *Horn* v. *City of Jamestown* (255 App. Div. 824) it is pointed out that plaintiff in that case, suing for his salary, based his complaint upon an alleged contract which was unenforcible under the law, but he might maintain an action upon *quantum meruit*.

In *Matter of O'Meara* v. *Corscadden* (268 N. Y. 520) petitioner had worked as secretary to the county veterinarian, but had not been appointed under the civil service, although an eligible list

had been prepared. The court held that she was not entitled to an order directing the county treasurer to pay her salary checks, even though the civil service officials had certified her as exempt from examination and had approved the payrolls for her salary during the period involved.

In *Rogers* v. *Common Council of Buffalo* (123 N. Y. 173) the action was by a taxpayer to prevent the payment of the salary of the defendant as street and health inspector, on the ground that his appointment was in violation of the Civil Service Law. The action was sustained.

In *Peck* v. *Belknap* (130 N. Y. 394) it was held that where a person is disqualified to hold a particular office, a municipality cannot employ or receive into its service a person ineligible under the law. The Court of Appeals upheld the judgment of the trial court in favor of a taxpayer who sought to restrain the payment of wages or salary to one who had entered into a contract with the city to perform duties in connection with street lighting.

Order reversed on the law and facts. Petition dismissed, unless petitioner desires to amend, in which event he may do so, by serving an amended petition upon the respondent-appellant's attorney within twenty days from the service of a copy of the order to be entered hereon, with notice of entry thereof.