GEORGE D. BROWN, JR., et al., Copartners Doing Business under the Name of BROWN & DI RIENZO, Respondents, v. MOUNT VERNON HOUSING AUTHORITY, Appellant.—

There was no formal approval by the State Division of Housing of the employment of plaintiffs. Such approval was, under the State loan agreement, a condition precedent to a binding contract between plaintiffs and defendant. Defendant, by its agreement with the State and the City of Mount Vernon, limited, as it could, the exercise of its general power to hire architects. (Public Housing Law, §§ 32, 37, subd. 1, cl. [q].) Defendant's resolutions specifically conditioned the employment of the architects upon the approval of the State Division of Housing. The provisions of the loan agreement and the bulletin relating to the requirement of the approval by the State Division of Housing of contracts with architects, and the provisions requiring defendant to proceed immediately with the preparation of plans and specifications, are not inconsistent. Abandonment of the project or a part thereof was always a possibility. Plaintiffs did not contract against such a hazard. The defendant never contracted away its freedom of action or right to abandon any part of the project. Before plans and specifications could be prepared, architects had to be appointed and contracts with them had to be approved. The appointment of the architects is one step in the preparation of plans and specifications. No liability on defendant's part arose from acceptance of performance of services. It is a public corporation, and its powers are to be exercised in accordance with the Public Housing Law and agreements with the State. Plaintiffs were bound to know the limitation of its powers. Even though defendant refused to prepare a formal contract for submission to the State Division of Housing, it cannot be held for the services which it received from plaintiffs. The latter knew that payment for their services would come only from the funds which the State would supply. (Cf. Seif v. City of Long Beach, 286 N. Y. 382.) The facts found by the Official Referee are affirmed. Carswell, Adel and MacCrate, JJ., concur; Nolan, P. J., and Johnston, J., dissent and vote to affirm, with the following memorandum: The evidence establishes that defendant entered into an agreement with plaintiffs, by which plaintiffs agreed to submit to defendant preliminary plans or studies for the construction of dwelling units upon two sites selected by defendant. Defendant, in turn, agreed to award the architectural work for the construction of such dwelling units upon one of such sites to plaintiffs, subject to the approval of the State Division of Housing. It was further agreed that plaintiffs were to be paid for their work, but that their compensation was to be provided for as part of the contract price for the work to be awarded to them, and that such contract price should be subject to like approval. The making of such an agreement was within the powers expressly granted to defendant by the Public Housing Law, and defendant's authority to make such an agreement was not affected by the limitations upon the exercise of its powers contained in the loan and subsidy agreement, pursuant to which the proposed work was to be undertaken, if all of the provisions of that agreement and the bulletins referred to therein are considered together. In effect defendant agreed to enter into a formal contract with plaintiffs,

containing provisions which the parties had agreed upon, if the plaintiffs should furnish the preliminary studies required, and if such a formal contract should be approved by the State Division of Housing. (Cf. *Pratt* v. *Hudson Riv. R. R. Co.*, 21 N. Y. 305.) Implicit in that agreement was a promise by the defendant, if the studies should be furnished, to prepare such a contract and submit it for approval. Concededly the studies were furnished, **and used by** defendant, and the work on one of the cites was awarded to plaintiffs, at a stated fee, subject to State approval. Concededly also, no such contract was ever prepared or submitted by defendant, and the site selected for plaintiffs' work was abandoned. Having effectively prevented plaintiffs from proceeding further and having prevented the State approval contemplated, defendant may not avoid liability on the theory that plaintiff's employment was not approved by the State Division of· Housing, and was properly held liable for the value of plaintiffs' services. (Cf. *Patterson* v. *Meyerhofer*, 204 N. Y. 96; *Kenneth* v. *Newgold*, 183 App. Div. 652; *Zadek* v. *Olds, Wortman & King*, 166 App. Div. 60.) Plaintiffs assumed the risk that if a formal contract had been prepared it would not have been approved by the State Division of Housing. In that event they would not have been entitled to compensation. As the learned Official Referee, before whom this action was tried, has stated, however, they did not assume the risk that the defendant would not submit their qualifications or a contract to the State Division of Housing, or that defendant would abandon the site.