Peter A. Cassella, Appellant, *v.* City of Schenectady, Respondent.

Third Department, March 12, 1953.

*Alexander Grasso* for appellant.

*Charles Ward Brown, Corporation Counsel (Walter C. Shaw* of counsel), for respondent.

HALPERN, J. This case poses the question of whether one who performed the duties of a position in the classified civil service of a municipality, without having been appointed to the position and without having complied with the Civil Service Law

and rules, may recover on a *quantum meruit* basis for the services rendered.

The facts were stipulated by the parties in an agreed statement of facts submitted to the Referee to whom the action had been referred for hearing and determination.

On June 14, 1946, the plaintiff was requested to act as fire surgeon by the fire chief of the city of Schenectady, during the illness of the duly appointed fire surgeon, Dr. Rosenberger. The plaintiff performed the duties of fire surgeon pursuant to this request, during the illness of Dr. Rosenberger from June 16, 1946, to July 6, 1946. Dr. Rosenberger died on July 7, 1946, and his estate paid the plaintiff $20 for the services rendered.

After the death of Dr. Rosenberger, the plaintiff continued to render services to the firemen of the city of Schenectady at the request of the fire chief up to June 24, 1947. Periodic reports were made to the City Manager of the City of Schenectady, who had the power to appoint city employees, including the fire surgeon. The budget of the city contained an appropriation for the salary of the fire surgeon but the plaintiff was not paid for the services he rendered from July 7, 1946, to June 24, 1947, and the sum appropriated for that period remained unexpended. The parties have stipulated that the fair and reasonable value of the services was the sum of $900.

The answer sets up as an affirmative defense an adjudication in a prior proceeding brought by the plaintiff under article 78 of the Civil Practice Act. While the record upon the present appeal does not contain the papers in the prior proceeding. the facts concerning the prior proceeding were stated upon the oral argument and were confirmed by reference to the papers on file in the Schenectady County Clerk's office.

It appears that, in the prior proceeding, the plaintiff took the position that he had been duly appointed fire surgeon on June 14, 1946, and had continued to act as such until June 24, 1947, when he allegedly had been unlawfully removed from the position without hearing. In that proceeding, the plaintiff sought an order directing his reinstatement to the position of fire surgeon and directing that his salary be paid from June 14, 1946. The petition was dismissed; an appeal taken from the order of dismissal was subsequently discontinued. Thereafter the plaintiff brought the present action in which he seeks to recover for the services rendered on a *quantum meruit* basis.

It appears without controversy that the position of fire surgeon was in the noncompetitive class of the classified civil

service of the city of Schenectady. It is also undisputed that the plaintiff had never been certified for appointment to the position by the local civil service commission and that no payroll containing his name had ever been certified by the commission.

Upon these facts, the Referee held that section 20 of the Civil Service Law barred recovery by the plaintiff. We think that he was right.

Subdivision 1 of section 20 of the Civil Service Law provides in part: "it shall be unlawful for the comptroller or other fiscal officer of the state or any civil division or city thereof for which civil service rules have been prescribed pursuant to this chapter, to draw, sign or issue, or authorize the drawing, signing or issuing of any warrant * * * for the payment of, or for the commissioner of taxation and finance or head of the division of the treasury or other disbursing officer of the state or of such civil division or city thereof, to pay any salary or compensation to any officer, clerk or other person except temporary laborers in the classified service of the state or of such civil division or city thereof, unless an estimate, payroll or account for such salary or compensation, containing the names of the persons to be paid, shall bear the certificate of the state civil service commission, or of the appropriate municipal civil service commission, that the persons named in such estimate, payroll or account have been appointed or employed or promoted in pursuance of law and of the rules made in pursuance of law * * *. Any sums paid contrary to the provisions of this section may be recovered from any officer or officers making such appointment in contravention of the provisions of law and of the rules made in pursuance of law, or any officer signing or countersigning or authorizing the signing or countersigning of any warrant for the payment of the same, and from the sureties of his official bond, in an action in the supreme court of the state, maintained by a citizen resident therein, who is assessed for and is liable to pay, or within one year before the commencement of the action, has paid a tax therein."

The terms of section 20 are very rigorous; not only is the payment of "any salary or compensation" forbidden to any employee, in the absence of certification by the appropriate civil service commission that he had been duly appointed but the disbursing officer is made personally liable for any such payment at the suit of any "citizen resident".

The plaintiff concedes that he is not entitled to recover any salary in the face of section 20 but he maintains that he is

nevertheless entitled to recover compensation for the reasonable value of the services rendered. The plaintiff's contention runs counter to both the letter and the spirit of section 20. A payment of compensation on a *quantum meruit* basis is equally violative of the text of section 20 as a payment of salary.

Furthermore, permitting the payment of compensation on a *quantum meruit* basis would open the door to widespread evasion of the provisions of the Constitution and the statute, requiring appointments in the civil service to be made in the manner therein prescribed " according to merit and fitness to be ascertained, as far as practicable, by examination " (N. Y. Const., art. V, § 6). The obvious purpose of section 20 is to place a firm sanction behind these requirements.

Section 20 is " designed to make effective the general purpose of the Constitution and of the Civil Service Law " (*Matter of Miller* v. *State of New York*, 279 N. Y. 74, 79).

Even if it were found that the City Manager had acquiesced in, or consented to, the performance by the plaintiff of the services usually rendered by a duly appointed fire surgeon, this would not aid the plaintiff's case. Such acquiescence could not amount to a valid appointment of the plaintiff, since no one could be appointed to the position unless the civil service commission certified him for the appointment and, concededly, the plaintiff was not so certified. (Civil Service Law, § 17; Rules of the Schenectady County Civil Service Comm., rule V; *Matter of Merriweather* v. *Roberts*, 268 N. Y. 12, 15.) That the plaintiff was never duly appointed to the position has, as a matter of fact, already been adjudicated in the article 78 proceeding.

The fact that the city accepted the benefit of the plaintiff's services does not entitle him to recover in quasi contract. Recovery may be allowed against a municipality in quasi contract for benefits received under an unenforcible contract where the invalidity of the contract was due to a mere irregularity or a technical violation (e.g., *Ward* v. *Kropf*, 207 N. Y. 467; cf. *Rosasco Creameries, Inc.*, v. *Cohen*, 276 N. Y. 274) but where the making of the contract flouted a firm public policy or violated a fundamental statutory restriction upon the powers of the municipality or its officers, recovery in quasi contract is uniformly denied. (*McDonald* v. *Mayor*, 68 N. Y. 23, 28; *Seif* v. *City of Long Beach*, 286 N. Y. 382; *Brown* v. *Mt. Vernon Housing Authority*, 279 App. Div. 794; 6 Williston on Contracts [Rev. ed.], § 1786A; 2 Restatement, Contracts, § 598.)

It is clear, in the light of the mandatory language of the Constitution and the statute, that the acceptance by a municipality of services rendered in violation of the Civil Service Law does not give rise to any liability on the part of the municipality. As has already been pointed out section 20 is explicit in denying such liability. Section 20 is a plain expression of the importance attached by the Legislature to the underlying policy. In order to deter violations of the Civil Service Law, the Legislature made it clear that any person who rendered services in violation of the statute would be denied the right to recover compensation for his services on any basis.

The case of *Horn* v. *City of Jamestown* (255 App. Div. 824) relied upon by the plaintiff does not touch the question here presented. In that case the plaintiff had been appointed after an examination conducted by the local civil service commission; there were irregularities in the way in which the commission and the appointing officer proceeded but the fact remained that there had been an appointment of the plaintiff, after certification by the civil service commission. The only question which was left open was the amount of the salary to be paid to the plaintiff. In view of the fact that the plaintiff's salary had never been properly fixed, the court held that a recovery could be had on a *quantum meruit* basis. Section 20 of the Civil Service Law was not in any way involved, nor was it referred to by the court.

The judgment appealed from should be affirmed, with costs.

FOSTER, P. J., BERGAN, COON and IMRIE, JJ., concur.

Judgment affirmed, with costs.