William R. Brennan, Jr., J.
By stipulation of the parties, there are now pending (1) the defendant’s motion (CPLR 3211 [a] 7) to dismiss the third, fourth, fifth, sixth, seventh and eighth causes of action pleaded in the complaint, and (2) the plaintiff’s cross motion for summary judgment. Issue has not yet been joined in the action; and although the plaintiff has submitted voluminous papers in opposition to the motion and in support of its cross motion, the defendant has not submitted any evidence in either connection (cf. CPLR 3211 M).
*240 The third, fifth and seventh causes of action purport to plead a breach of the same contract. The allegations incorporated in all of said causes of action are that “plaintiff and defendant entered into a contract on or about August 8, 1962, whereby plaintiff agreed to maintain all traffic signal devices in the area covered by the Nassau County Police Department for and on behalf of defendant for a period of one year commencing on or about August 1, 1962 ’ ’; that the contract was awarded to plaintiff as low bidder, and that the plaintiff performed thereunder until April 11, 1963, when it was instructed to cease all work under the contract. The third cause of action seeks the balance due for maintenance work actually completed to April 11, 1963; the fifth seeks the alleged contract price for so-called “ time and material jobs ” completed thereunder; and the seventh seeks general damages for breach of contract.
The attack on these causes of action (which simply plead different items of damage for a single breach of contract) rests on section 2206 of the Nassau County Government Law which provides that “All contracts except for the purchase of supplies, materials and equipment shall be made and executed by the county executive.”
By legislative fiat, the contract in this case was required to be in a writing executed by the designated official. The plaintiff was bound to know the requirements for a valid contract (cf. Brown v. Mt. Vernon Housing Auth., 279 App. Div. 794). However fully minds may have met, however complete their agreement as to every term and condition, the parties could only be bound by a formal written contract executed by the County Executive (Belmar Contr. Co. v. State of New York, 233 N. Y. 189, 194; Blatt Bowling Corp. v. State of New York, 14 A D 2d 144). This is the basis for any contractual liability of the county in this case and none of its officers could impose upon it a contractual obligation except in the manner prescribed (id.).
Since there can be no contractual liability in the absence of a contract so executed, it is essential to the statement of a valid cause of action in contract that the plaintiff allege compliance with the statute. This it has not done. The failure to plead the condition precedent as to which plaintiff has the burden of both pleading and proof is fatal. (Marriott v. State of New York, 196 Misc. 454.) The motion to dismiss is granted as to the third, fifth and seventh causes of action. The plaintiff seeks leave to replead. Such leave is denied. No where in the affidavits and papers submitted by it does *241 it appear that the County Executive did in fact execute the contract relied upon by the defendant. It would be futile to grant leave to replead a cause of action for breach of contract based on the unexecuted contract.
Both parties have treated the fourth cause of action as seeking to recover the reasonable value of maintenance work done and materials supplied under the alleged contract pleaded in the third cause of action although the contract itself is not repleaded in the fourth cause. It will be so considered (Frear v. Sweet, 118 N. Y. 454, 457-458; Helfhat v. Whitehouse, 258 N. Y. 274, 278). The sixth cause of action asks that the reasonable value of the time and material jobs under the contract pleaded in the third cause of action. Obviously, what the plaintiff seeks is to recover upon an implied contract for the value of its actual performance under the abortive contract. Since all claims for work, labor and services rendered and materials furnished should be pleaded in one cause of action, the motion to dismiss the fourth and sixth causes will be granted with leave to replead a single cause of action.
The county forcefully urges that its acceptance of benefits under the ineffective contract does not render it liable for the reasonable value of materials furnished or services rendered in purported performance thereof. A consideration of the authorities it relies upon requires that the facts in the case at bar be kept in focus.
The papers before the court are clear that the proposed contract was within the powers of the county. The contract was the subject of a proposal duly submitted for public bidding. The plaintiff was the low bidder. Its bid complied with all patent formal requirements preliminary thereto. The contract was formally awarded to the plaintiff by a “ Notice of Award” dated August 2, 1962, and the plaintiff was notified to complete the procedures leading to and culminating in the contract insofar as those procedures related to plaintiff. The plaintiff did so — it submitted documents and itself signed the final contract form. It started work referable to the contract, rendered bills thereunder, and actually received two payments in December, 1962, applicable solely to work under the contract. The Police Department in early 1963 notified all commands that the plaintiff was responsible for maintenance and repair of traffic signal lights and control equipment under the purported contract specifically identified by number. The State Department of Labor communicated with plaintiff to notify it of the need to file certain papers in connection with the said *242 contract awarded to plaintiff. The county, so far as appears, was satisfied with the plaintiff’s performance until it terminated further performance.
In brief, the proposed contract was not ultra vires, it was the product of competitive bidding duly had, it was properly awarded, and the plaintiff did everything required of it to produce a formal contract. Only the proper execution by the County Executive as the next step was missing.
In North River Elec. Co. v. City of New York (48 App. Div. 1.4) the only objection of the Comptroller of the defendant to paying bills for lighting services actually rendered was that no written contract had been entered into between the plaintiff and the defendant. The court stated (pp. 19-20): “ The precise question we are called upon to determine is, whether the failure to make a written contract between the parties hereto is fatal to the plaintiff’s right to recover ”; and it stated that it ‘ would imply that all the requirements leading up to a valid contract had been complied with except the reduction of the same to writing and its formal execution.”
Indicating that it might be inclined to hold that a contract had actually been entered into, the court said (48 App. Div. 21): ££ Regard being had to the fact that the only objection made is that the contract was not in writing, it would appear that all the necessary preliminary steps essential to a binding contract had been taken, and thus all the evils were avoided which the statute was intended to guard against, such as favoritism in awarding contracts without obtaining bids. Hence the failure to execute a written contract would not be fatal to the plaintiff’s right to recover. (Paul v. City of New York, 46 App. Div. 69.) If, however, that is not so, we are still of opinion that upon the conceded facts the city is liable to pay for the light furnished.”
However, the court proceeded to grant judgment for the plaintiff on the theory of implied contract, citing many cases holding that a municipality, having legal power to contract for a thing, may be bound by an implied contract in the same manner as an individual or a private corporation. (See cases cited 48 App. Div. 24.)
In Moore v. Mayor of City of N. Y. (73 N. Y. 238, 246, 248) the court took cognizance of the occasional divergence from the strict rule of nonrecovery urged by the defendant. It there said:
££We have authority for saying that defenses, based upon mere irregularities in the making of contracts by municipal corporations, or non-compliance with preliminary requirements *243 not going to the question of power, are not favored by the courts, even in respect to obligations foreign to the purposes of the corporation and extraordinary in their nature, the power to incur which must be strictly pursued, as an issue of bonds in aid of railroads and kindred objects.”
“When there has been a bona fide performance of a contract, of which the city had had the benefit, there is a strong equity in favor of the contractor seeking his pay, entitling him to the benefit of a ratification even of a void contract upon slight evidence, if the ratifying body has general power over the subject of the contract, and of an estoppel when an estoppel fairly results from the conduct of the general agents of the city. (Dillon ut supra, § 385 and note 3, and § 386.) Judge Dentó, in Brady v. The Mayor, etc. (20 N. Y. 312), said: ‘ It is not necessary to deny that one who has bona fide performed labor under a contract which is void from a failure to comply with the statutes may maintain an action against the city to recover a quantum meruit, when the work has been accepted by the city, and has gone into use for public purposes.’ It is not intended, by quoting this language, to intimate that a contract expressly forbidden by statute, or clearly ultra vires, can be ratified by the corporate authorities.”
(Cf. Dwyer v. Mayor of New York, 77 App. Div. 224, 230, and Matter of Shaddock v. Schwartz, 246 N. Y. 288, 293, 294.)
Seif v. City of Long Beach (286 N. Y. 382) is not apposite. The action was by an attorney to recover for the reasonable value of legal services rendered to the defendant at the instance of its Mayor. In the second paragraph of its opinion, the court pointed out (p. 385) that the defendant’s charter “ contains no provision which expressly or by fair implication confers such authority upon the Mayor of the city.” The City Council alone had the power to employ counsel and did not exercise it. In that context the court said (p. 387): “Mere acceptance of benefits by the city under a contract made without authority does not estop a municipal corporation from challenging the validity of the contract and from denying liability for materials furnished or services rendered under a contract not made or ratified by a board or officer acting under authority conferred by law and in the manner prescribed by law.”
In the case at bar, there was authority for and regularity in every step of the proceedings from conception of the need to the solicitation of public bids, the making of an award, the alerting of other public authorities, and having the plaintiff execute the final contract, Only the signature of the County Executive, which he had authority to affix, was missing. This *244 was even followed by payment of bills referable to the contract and only to the contract. The instant case is closer to the actual decision in North Riv. Elec. Co. discussed above and its imminent finding of an actual contract than it is to the language of Seif (supra) which must be read in its context of an unauthorised contract as distinguished from an inadequately formalised contract.
Lutzken v. City of Rochester (7 A D 2d 498) relied upon by the county is likewise distinguishable. The theory upon which judgment was granted plaintiff in the trial court was that the work was done without any express contract or previous request from the defendant. The Appellate Division properly reversed in that situation, since there was absent both proof of request and proof of authority under the charter to create the liability. As has already been noted, in the present case there was authority, there was request, there was utilization of services, and there was part payment.
Cassella v. City of Schenectady (281 App. Div. 428), cited by defendant, denied recovery to a physician for services rendered to the Fire Department at the request of its Chief. The position was in the noncompetitive class of the civil service. Plaintiff had not been appointed to the position. Recovery in quantum meruit was denied, the court stating that the fact the city accepted the benefits of the service so given did not entitle him to recover in quasi-contract; the requirements of the Civil Service Law may not be avoided. But the court went on to say (281 App. Div. 432): “ Recovery may be allowed against a municipality in quasi contract for benefits received under an unenforcible contract where the invalidity of the contract was due to a mere irregularity or a technical violation (e.g., Ward v. Kropf, 207 N. Y. 467; cf. Rosasco Creameries, Inc., v. Cohen, 276 N. Y. 274) but where the making of the contract flouted a firm public policy or violated a fundamental statutory restriction upon the powers of the municipality or its officers, recovery in quasi contract is uniformly denied. (McDonald v. Mayor, 68 N. Y. 23, 28; Seif v. City of Long Beach, 286 N. Y. 382; Brown v. Mt. Vernon Housing Authority, 279 App. Div. 794; 6 Williston on Contracts [Rev. ed.], § 1786A; 2 Restatement, Contracts, § 598.) ”
To recapitulate, the proposed contract was lawful and within the powers of the defendant; all legal and necessary preliminaries to its negotiation and formulation were completed; it was executed by the plaintiff and it, together with agencies of the defendant (including its Police Department and its Comptroller), acted thereunder; part payments were made thereunder presumably from proper budgetary provisions; there is on the *245 face of the pleadings and the only papers before the court, no offense against public policy; and there is no element of injury to the county’s purse since this plaintiff was the low bidder. The plaintiff has a cause of action for the reasonable value of its services and materials actually furnished. That is all that the court is now required to determine.
The eighth cause of action (complaint pars. Thirty-Fourth through Forty-Seventh) is dismissed. It incorporates each of the preceding allegations of the complaint and alleges consequential damages by reason thereof. To the extent that such damages are properly recoverable for breach of an express contract, they should be pleaded in the applicable cause of action (here, the first, not under review). To the extent that such damages purport to stem from the breaches of the contract alleged in the third, fifth and seventh causes of action, they may not be recovered since those causes have been dismissed. To the extent that such damages are attempted to be collected as items applicable to the second, fourth and sixth causes, they are no proper part of any quantum meruit cause of action presently pleaded or permitted to be asserted in the amended complaint plaintiff may serve herein.
The plaintiff’s cross motion for summary judgment is denied as premature (CPLR 3212 [a]).
An amended complaint repleading the first and second causes of action; and repleading the matters embraced within the fourth and sixth causes of action in one may be served within 20 days after the entry of the order to be made hereon.