Sydney F. Foster, J.
This is an action brought by the plaintiff to recover the agreed price and reasonable value of goods, wares and merchandise delivered to the City of Cohoes between June 2, 1958 and June 29, 1963. The complaint asks judgment in the sum of $27,739.85, with interest. An answer has been interposed which sets up various defenses.
Defendant has moved for an order dismissing the complaint and granting summary judgment on the second affirmative defense in the defendant’s answer; and plaintiff has moved for summary judgment pursuant to CPLR 3212.
The second affirmative defense upon which defendant bases its motion for summary judgment dismissing the complaint is substantially to the effect that the alleged sales of goods, wares and merchandise to defendant were in violation of the Charter of the City of Cohoes (L. 1915, ch. 130, as amd.). Section 99 of said Charter provides, inter alia, as follows: “nor shall any such board or officer expend or contract to expend any money or incur any liability upon or by virtue of any open market order until an order in writing, made in triplicate, is submitted to the comptroller and he shall have certified thereon that unexpended funds, appropriated for that purpose, are available to meet a claim therefor if incurred. One of such copies shall be retained by the comptroller, one by the officer issuing the order and the third shall be delivered to the person furnishing the merchandise or material or who shall perform the service specified therein, and be attached to the claim presented to the comptroller for audit. Any contract, verbal or written, made in violation of this section shall be null and void as to the city, and no moneys belonging to the city shall be paid thereon ”.
The proof submitted on the motion to dismiss indicates that orders in triplicate were not made by an officer or agent of the city in conformity with the Charter provision quoted, and the Comptroller did not certify there were unexpended funds available to meet claims therefor if incurred. Some lists were submitted by the plaintiff, under the title of vendor’s claims, and delivered to the city hall, apparently at the suggestion of the *314 City Comptroller, but it is clear that these were not the type of orders contemplated by the Charter.
Plaintiff argues that section is applicable only to verbal contracts unexecuted by delivery and performance, and does not refer to transactions which have been consummated by delivery and performance. Such would be the rule as to individuals and private corporations, for such entities would be estopped from denying authority to purchase if they accepted delivery of the goods. But the rule is different as to municipalities where the powers of officers and agents thereof are limited by charter provisions, as I indicate later in this memorandum.
The term “ open market ” is not defined in the Charter but we must assume the meaning generally ascribed to it by common speech. Thus, I take it, an open market is one open to all who wish to purchase at the vendor’s prices, as contrasted, for example, with the situation where a vendor submits bids, sealed or otherwise, for goods or services (see Harvey v. City and County of Denver, 92 Col. 114). Assuming the goods were ordered by officials or agents of the defendant, it is clear that they were so ordered in an open market, for according to the plaintiff’s own version the orders were verbal.
It must be held, I think, under the facts of the case as disclosed by the affidavits submitted by both sides, that orders for the goods in controversy were not made in conformity with the requirements of section 99 of the Cohoes City Charter. On this basis I can find no authoritative basis for denying defendant’s motion to dismiss. Plaintiff’s argument that the section is applicable only to verbal contracts unexecuted by delivery and performance must, if held valid, necessarily proceed on the theory of estoppel or waiver. But the textbook writers and the adjudicated cases are against this theory. The mere fact that a municipality has received benefits does not make the municipality liable where the contract has been entered into without observing a fundamental charter requirement. (10 McQuillin, Municipal Corporations [3d ed.], § 29.26; 6 Williston, Contracts [Rev. ed.], § 1786A; 40 N. Y. Jur., Municipal Corporations, §§ 822, 825.) The adjudicated cases take the same view (see McDonald v. Mayor of City of N. Y., 68 N. Y. 23; Seif v. City of Long Beach, 286 N. Y. 382; Peterson v. Mayor of City of N. Y., 17 N. Y. 449; Cassella v. City of Schenectady, 281 App. Div. 428, 432). Of course these cited cases are not precisely on all fours with the facts of this case, but they illustrate the principle involved very clearly and are in complete accord with the textbooks cited. One conclusion to be drawn from them is that a vendor of goods or services must, when dealing with a *315 municipality, know the authority of the official or agent with whom he deals.
In view of the foregoing I reach the conclusion that defendant’s motion to dismiss the complaint and for summary judgment herein should be granted.
Defendant’s motion granted, without costs. Plaintiff’s cross motion for summary judgment denied, without costs.