JOHN F. KELLY, Respondent, *v.* COHOES HOUSING AUTHORITY, Appellant.

Third Department, May 22, 1967.

464

*Paul R. Coughlin* for appellant.

*John F. Kelly,* in person, and *Robert A. Murphy* for John F. Kelly, respondent.

HERLIHY, J. The defendant appeals from an order of the Supreme Court at Special Term, Albany County, granting summary judgment in favor of the plaintiff.

This action was commenced by the plaintiff to recover the sum of $9,250 as unpaid salary. It appears that the plaintiff was the incorporating attorney for the defendant in 1952. In 1956 he was appointed by its resolution Executive Director and Counsel at a salary of $5,000 per annum. In 1960 his salary was increased by resolution of the defendant to $6,000 per annum. As of January 1, 1963 his salary was substantially reduced and the recovery sought represents the difference between $6,000 per annum and the reduced sum from January 1, 1963 until his subsequent resignation in 1965. The salary reduction occurred in January of 1963 when the Federal Public Housing Authority in the exercise of its power of budget approval, pursuant to a contract between it and the defendant, disapproved the salary of $6,000 per annum and indicated that it would approve the reduced sum thereafter paid to plaintiff.

Upon the argument of this appeal it was conceded by the respondent that there was no issue of fact. The issue was stated to be whether or not plaintiff was prevented from recovery

as a matter of law because of the effect of subdivision 1 of section 32 of the Public Housing Law.

That section of the Public Housing Law provides in substance that a municipal housing authority (defendant) may employ among others a general manager (plaintiff) and " subject to the approval of the local legislative body, fix their compensation ". Subdivision 7 of section 3 of the Public Housing Law provides that the " local legislative body " in the present case is the Common Council of the City of Cohoes.

We find no ambiguity in this statute and determine that it requires approval by the Common Council of the City of Cohoes before any salary commitment of the defendant can be binding. In the present case it appears that there was no such approval and thus, the salary resolutions of the defendant were without any binding effect and no contractual obligation arose between it and the plaintiff. (See *Seif* v. *City of Long Beach,* 286 N. Y. 382; *McDonald* v. *Mayor,* 68 N. Y. 23.)

Nor does the fact that the defendant accepted the benefit of plaintiff's services entitle him to recovery in *quantum meruit.* " The doctrine of implied contract cannot be invoked to do rough justice and fasten liability where the legal requirements specifically prohibit." (*Lutzken* v. *City of Rochester,* 7 A D 2d 498, 499; see, also, *Cassella* v. *City of Schenectady,* 281 App. Div. 428, 432.) The requirement that salaries be approved by the " local legislative body " is obviously a safeguard as to the power of the defendant in such mattters. Although a housing authority is an independent municipal corporation, it is to some extent responsive to municipal policy. (See *Ciulla* v. *State of New York,* 191 Misc. 528; Public Housing Law, § 30, subd. 2; § 32, subd. 1; §§ 34, 39, 48; § 50, subd. 1; §§ 57, 58.) " Where the Legislature provides that valid contracts may be made only by specified officers or boards and in a specified manner, no implied contract to pay for benefits furnished by a person under an agreement which is invalid because it fails to comply with statutory restrictions and inhibitions can create an obligation or liability of the [municipality]." (*Seif* v. *City of Long Beach,* 286 N. Y. 382, 387; *Albany Supply & Equip. Co.* v. *City of Cohoes,* 25 A D 2d 700, 701, affd. 18 N Y 2d 968.)

The plaintiff, a lawyer, should have known the procedure necessary to properly fix his salary. (See *Brown* v. *Mount Vernon Housing Auth.,* 279 App. Div. 794.)

The decisions relied upon by the plaintiff are clearly distinguishable. In *Kramrath* v. *City of Albany* (127 N. Y. 575) recovery was allowed because there were no statutes forbidding or limiting the power to make the contract. In *Matter of Clark*

v. *Smith* (250 App. Div. 233, affd. 276 N. Y. 473) it was held that the Town Law did not restrict legal services. *Van Dolsen* v. *Board of Educ. of City of N. Y.* (162 N. Y. 446) and *Nolan* v. *New York City Housing Auth.* (199 Misc. 599, affd. 278 App. Div. 762) are not controlling.

Although the foregoing opinion is dispositive of this appeal, we would note that the required budget approval of the Federal Public Housing Administration is apparently authorized in section 40 of the Public Housing Law and, of course, disapproval of a budgeted salary item would prevent payment of the same.

While the defendant did not request summary judgment dismissing the complaint, there being no issue of fact, the complaint should be dismissed.

The order should be reversed, on the law and the facts, and summary judgment granted to the defendant and the complaint dismissed.

GIBSON, P. J., REYNOLDS, AULISI and GABRIELLI, JJ., concur.

Order reversed, on the law and the facts; summary judgment granted to defendant, and complaint dismissed, without costs.